Argued May 8, affirmed May 31, 1974

# AMERICAN VILLAGE CORPORATION, *Appellant,* v. STRINGFIELD LUMBER AND BUILDING SUPPLY ET AL, *Respondents.*

522 P2d 891

*William M. Horner,* of McArthur & Horner, P. C., Monmouth, argued the cause and filed a brief for appellant.

*Kaye C. Robinette,* of Vonderheit, Hershner & Hunter, Eugene, argued the cause and filed a brief for respondents.

HOWELL, J.

Plaintiff filed this action to recover for damage to a forklift allegedly caused by the defendant Haynes, an employee of defendant Stringfield Lumber and Building Supply Company. The trial court allowed defendants' motion for a directed verdict. Plaintiff appeals.

Defendant Haynes delivered a load of plywood to plaintiff. When he arrived, none of plaintiff's em-

ployees was available to help him unload, so he used plaintiff's forklift to remove the plywood from the truck. After removing part of the load, the forklift stalled and would not move.

There was evidence that the forklift was operating satisfactorily prior to its use by Haynes; that the forklift would give a slight lurch when Haynes engaged the gears; and that the damage was caused by a tooth broken off the ring gear, causing the differential case to break.

■ The plaintiff alleged in its complaint that Haynes let the clutch out too fast; that he lacked training in operating a forklift; and that he was "in a hurry and did not use proper driving habits." In a second count, the plaintiff relied on the doctrine of *res ipsa loquitur*.[1]

There was no evidence to sustain any of plaintiff's specific allegations of negligence. On the contrary, the evidence showed that Haynes had extensive experience in operating all makes of forklifts, that he was not in a hurry because he did not "mind working overtime" and that was the reason the company selected him to deliver the plywood.

■ Neither do we feel that the facts justifying the application of the doctrine of *res ipsa loquitur*. The incident occurred in September, 1971. The forklift, which was a 1968 model, had been purchased used by plaintiff in June, 1970. In determining whether *res ipsa loquitur* applies, the question is whether it is

---

[1] During oral argument, the plaintiff stated that in addition to relying on specific acts of negligence and *res ipsa loquitur,* the transaction also constituted a bailment between plaintiff and defendants. A bailment was not alleged in the complaint nor discussed in plaintiff's brief, and we decline to consider it on this appeal.

reasonable to infer that the breakdown would not have happened had the defendant Haynes not been negligent. If the trial judge concludes that the probabilities of a nonnegligent cause of the breakdown are as great or greater than the probabilities of a negligent cause, he should withdraw the case from the jury. *Kaufman v. Fisher,* 230 Or 626, 371 P2d 948 (1962); Prosser, Law of Torts 211, 214, § 39 (4th ed 1971).

■ We cannot conclude that the breakdown of the forklift is an incident which ordinarily would not have occurred in the absence of negligence. All mechanical objects suffer breakdowns every day without someone being negligent. It is true that plaintiff adduced testimony that the malfunction was caused by a breaking and not by wear and tear. However, it is equally probable that prior usage could have initiated the damage or even that the parts themselves were defective.

■ The plaintiff also mentions that when it discovered the forklift was broken, the defendant was contacted and one of defendant's salesmen told plaintiff that they "would take care of it." However, the witness admitted that he did not tell defendant's salesman what was wrong with the forklift and specifically did not tell him that the clutch was broken. Assuming that the salesman had authority to admit defendant's liability, there was absolutely no showing that defendant was assuming any responsibility for a broken clutch.

Affirmed.