**Tammy PFOUTZ, Appellant,**

**v.**

**STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., Appellee.**

**No. 88–1487.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 20, 1988.

Decided Nov. 21, 1988.

---

Dennis M. Devereux, St. Louis, Mo., for appellant.

John A. Michener, St. Louis, Mo., for appellee.

Before HEANEY, BOWMAN and MAGILL, Circuit Judges.

MAGILL, Circuit Judge.

Appellant Tammy Pfoutz (Pfoutz) was injured when her car collided with an object lying in the middle of the freeway. Pfoutz sued State Farm Mutual Automobile Insurance Company (State Farm) for coverage under the insurance policy and Missouri's uninsured motorist statute, alleging that her injury resulted from the negligent operation of an unidentified motor vehicle. A United States Magistrate [1] granted summary judgment, for State Farm, finding that a jury could only speculate as to whether the occurrence was caused by negligence. We reverse the Magistrate's decision and remand the case for trial.

## I. BACKGROUND

In this action, Pfoutz seeks to recover damages for injuries she sustained on November 5, 1985, when her car struck a 200–pound diesel engine head lying in the traffic lane of a heavily travelled interstate highway in St. Charles County, Missouri. At the time of the accident, Pfoutz was insured by State Farm under a policy that provided coverage for injury caused by an uninsured motorist or an uninsured motor vehicle.[2] The owner of the engine head is unknown and neither party has any evidence as to how the object came to be on the road.

---

1. Pfoutz and State Farm consented to trial before a United States Magistrate pursuant to 28 U.S.C. § 636(c). The parties agreed that any appeal from the Magistrate's final judgment would be brought before this court. 28 U.S.C. § 636(c)(3).

2. Missouri's statutory definition of "uninsured motorist" includes unidentifiable motor vehicles, such as those involved in a hit-and-run accident. The Missouri statute requiring automobile liability insurance policies to include uninsured motorist coverage reads, in pertinent part:

   [A] legal entitlement [to recover damages from owners or operators of uninsured motor vehicles] exists although the identity of the owner or operator of the motor vehicle cannot be established because such owner or operator and the motor vehicle departed the scene of the occurrence * * *.

   Mo.Rev.Stat. § 379.203.1.

Taking the facts in the light most favorable to the non-moving party—here, Pfoutz—this case presents the following scenario. Pfoutz was entering the freeway from an entrance ramp. She was travelling at approximately 40 miles per hour when a pickup truck immediately in front of her swerved sharply. As the truck swerved to the side, Pfoutz saw a cloud of dirt and flying pieces of wood crate in front of the truck. Then her car struck the diesel engine head. Two other vehicles ran into the engine head immediately after Pfoutz, before it was removed from the roadway. Before Pfoutz' accident, no one had complained of any obstruction on the freeway.

Pfoutz responded to State Farm's motion for summary judgment by arguing that her case should go to a jury because, under the doctrine of *res ipsa loquitor,* the facts would allow a jury to infer negligence sufficient for recovery under the insurance contract. The magistrate, in granting State Farm's summary judgment motion, admitted that Pfoutz did not need to prove a specific act of negligence under the *res ipsa* doctrine and that she did not need to prove the identity of the owner/operator of the motor vehicle under the uninsured motorist statute. The magistrate, however, required Pfoutz to prove that any lack of due care which was the proximate cause of the accident was attributable to the unidentified owner/operator rather than to someone else. Even if a jury could infer from the evidence that the engine head fell from the back of a motor vehicle, the magistrate found that the jury could only speculate as to whether the owner/operator's negligence caused the engine to fall onto the freeway. Therefore, the magistrate granted summary judgment for State Farm.

## II. DISCUSSION

In reviewing a grant of summary judgment, this court applies the same standard as applied by the trial court. *Agristor Leasing v. Farrow,* 826 F.2d 732 (8th Cir. 1987). According to the applicable standard, the party bringing a motion for summary judgment is only entitled to judgment as a matter of law if there are no genuine issues as to any material fact. Fed.R.

Civ.P. 56(c). We find significant issues of material fact present in this case and therefore hold that State Farm is not entitled to judgment as a matter of law.

■ The Missouri statute governing uninsured motorist coverage provides, in part:

No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state * * * unless coverage is provided therein or supplemental thereto * * * for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom.

Mo.Rev.Stat. § 379.203.1. Under this statute, Pfoutz must prove (1) the engine head appeared on the highway through the operation of a motor vehicle; (2) the engine head fell onto the road because of an act of negligence; and (3) the negligence was that of the owner/operator of the vehicle carrying the engine head. *See Dairyland Insurance Co. v. Hogan,* 605 S.W.2d 798, 799 (Mo.1980) (en banc).

In the current case, the facts and circumstances surrounding Pfoutz' accident raise a reasonable inference that a motor vehicle was hauling the engine head when it fell onto the freeway. Similarly, the very fact that a 200–pound engine head suddenly appeared in the middle of a major freeway provides sufficient evidence for a jury to conclude that someone must have been negligent. Finally, under the *res ipsa* doctrine and an applicable Missouri motor vehicle statute, the circumstances of this accident would allow a jury to infer that the negligence involved was that of the hauling vehicle's owner/operator.

According to Missouri law, the *res ipsa* doctrine justifies submission of the negligence question to a jury without proof of specific negligence. *Mizerany v. Gittemeier,* 437 S.W.2d 103, 107 (Mo.App.1969). The doctrine allows a jury to infer the

ultimate fact of negligence without any evidentiary facts except the unusual occurrence. *Effinger v. Bank of St. Louis,* 467 S.W.2d 291, 296 (Mo.App.1971). The reviewing court must determine whether circumstances warrant the application of *res ipsa* to allow an inference of negligence. *Strick v. Stutsman,* 633 S.W.2d 148, 152 (Mo.App.1982).

■ *Res ipsa* applies when three conditions are met: (1) the occurrence resulting in injury was such as does not ordinarily happen if those in charge use due care; (2) the instrumentalities involved were under the exclusive management and control of the defendant—here, the owner/operator; and (3) the defendant owner/operator possesses superior knowledge or means of information regarding the accident. *Layton v. Palmer,* 309 S.W.2d 561, 564 (Mo.1958). State Farm argues that Pfoutz cannot use *res ipsa* to get to the jury on the issue of negligence because Pfoutz cannot prove that the owner/operator of the unidentified vehicle that dropped the engine head was negligent. We disagree.

Under a motor vehicle regulation provision of Missouri law, the operator of a vehicle is presumed to be responsible for the safety of any load being hauled by the vehicle. Missouri statute section 307.010, titled "Loads which may become dislodged to be secured—failure, penalty," provides, in pertinent part:

1. All motor vehicles * * * operating upon the public highways of this state and carrying goods * * * which may rea-

sonably be expected to become dislodged and fall * * * as a result of wind pressure or air pressure and/or by the movement of the vehicle * * * shall * * * be sufficiently secured so that no portion of such goods or materials can become dislodged and fall from the vehicle.

Operation of a motor vehicle in violation of this statute is a misdemeanor. § 307.010(2).

■ Under section 307.010, the driver of the unidentified vehicle was responsible for making sure the diesel engine head was secured.[3] The fact that the engine head fell onto the freeway clearly shows that it was not adequately secured. Therefore, the driver was operating the motor vehicle in violation of Missouri law.

According to Missouri law, the violation of a penal statute may be used as evidence of negligence in a civil action. *State v. Mayfield,* 281 S.W.2d 9, 13 (Mo.1955) (en banc); *Wells v. Henry W. Kuhs Realty Co.,* 269 S.W.2d 761, 767 (Mo.1954). A criminal statute can only be used to establish negligence, however, if "the plaintiff was one of the class for whose benefit the [statute] was adopted, and if the [statute] was enacted to protect persons or property, conserve public health or promote public safety." *Mayfield,* 281 S.W.2d at 13. The Missouri motor vehicle statute clearly meets these requirements—its purpose is to promote public safety, to prevent automobile accidents on the roadways by requiring loads to be securely fastened. *See Labbee v. Roadway Express, Inc.,* 469 F.2d

---

**3.** We realize that the district court made no reference to Mo.Stat. § 307.010 and the parties did not raise the statutory provision prior to oral argument. Nevertheless, we have a responsibility to conform our decision to the law as we see it. *See Kanelos v. Kettler,* 406 F.2d 951, 955 n. 15 (D.C.Cir.1968). Therefore, we rely on the motor vehicle statute for the proposition that, given the evidence which will be presented at trial, if the jury finds that negligence caused the engine head to fall onto the road, the jury could attribute such negligence to the operator of the unidentified vehicle.

Although we recognize that, as a general rule, this court will not address an issue on appeal which was not raised before the district court, *Rogers v. Masem,* 788 F.2d 1288, 1292 (8th Cir. 1986), we do not find that rule binding in the

current case. As the United States Supreme Court said in *Singleton v. Wulff,* 428 U.S. 106, 121, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1976), "[t]he matter of what questions may be taken up and resolved for the first time on appeal is one left primarily to the discretion of the courts of appeals, to be exercised on the facts of individual cases." Our reliance on the Missouri motor vehicle statute raises no new issue in this case, but rather suggests another theory to use in resolving the issues raised by the parties. Also, the new theory relied on by this court addresses a legal matter rather than a factual matter. Finally, we note that the parties had a chance to respond to the statutory argument, both at oral argument and by supplementary letter brief. *See Higginbotham v. Ford Motor Co.,* 540 F.2d 762, 768 n. 10 (5th Cir.1976).

169 (8th Cir.1972) (suggesting that safety provision of the U.S. Department of Transportation designed to protect against truck driver losing control of his vehicle could be used as evidence of negligence). Therefore, violation of the motor vehicle statute provides evidence of the operator's negligence sufficient to satisfy the Missouri's uninsured motorist statute under a *res ipsa* theory.

## III. CONCLUSION

█ Under the doctrine of *res ipsa loquitor*, Pfoutz has presented evidence sufficient for a jury to find evidence of negligence on the part of the owner/operator of the uninsured vehicle and to impose liability on State Farm under the terms of the policy. We therefore reverse and remand for trial.