919 F.2d 1339
 Joe E. WALKER, Jr., d/b/a Last Chance Lounge, Appellant,
v.
CITY OF KANSAS CITY, MISSOURI; Richard L. Berkley, Mayor of
Kansas City, Missouri; The City Council of Kansas City,
Missouri; Chuck Weber; Sally Johnson; Frank Palermo;
Robert M. Hernandez; Joanne M. Collins; Charles A. Hazley;
Dan Cofran; Katheryn Shields; Emanuel Cleaver; Mark
Bryant; John A. Sharp, Appellees.
Joe E. WALKER, Jr., d/b/a Last Chance Lounge, Appellee,
v.
CITY OF KANSAS CITY, MISSOURI; Richard L. Berkley, Mayor of
Kansas City, Missouri; The City Council of Kansas City,
Missouri; Chuck Weber; Sally Johnson; Frank Palermo;
Robert M. Hernandez; Joanne M. Collins; Charles A. Hazley;
Dan Cofran; Katheryn Shields; Emanuel Cleaver; Mark
Bryant; John A. Sharp, Appellants.
 Nos. 89-1001, 89-1057.
 United States Court of Appeals,
Eighth Circuit.
 Nov. 30, 1990.
 
 Order Denying Petition for Rehearing and Suggestion for Rehearing En Banc.
 Prior report: 911 F.2d 80.
 Before LAY, Chief Judge, McMILLIAN, ARNOLD, JOHN R. GIBSON, FAGG, BOWMAN, WOLLMAN, MAGILL and BEAM, Circuit Judges.
 
 
 1
 The suggestion for rehearing en banc has been considered by the court and is denied by reason of the lack of majority of active judges voting to rehear the case en banc. Chief Judge Lay, Judge McMillian and Judge John R. Gibson dissent from the denial of the petition for rehearing en banc.
 
 
 2
 The petition for rehearing is also denied.
 
 
 3
 JOHN R. GIBSON, Circuit Judge, with whom LAY, Chief Judge, and McMILLIAN, Circuit Judge, join, dissent from denial of rehearing en banc.
 
 
 4
 I respectfully dissent from the denial of rehearing en banc in this case. The panel opinion decides a case that simply never was. While Walker has operated the Last Chance Lounge as a bar for some fifteen years, this case does not implicate any regulation of his business under the City liquor regulations. Walker did not make an application of any kind under the ordinances regulating liquor establishments. There is no doubt that liquor regulations could be drafted to apply to the conduct that Walker sought to have approved for his lounge, but that is not the case before us, nor was it the case before the City Council. It was only incidental that Walker operated a lounge or liquor establishment when he applied under the zoning ordinances for approval to employ exotic dancers.
 
 
 5
 The record is clear that Walker applied for a zoning classification that would permit him to employ go-go girls. He applied for the permit under section 39.152 of the Kansas City Zoning Ordinance. That section does not deal with liquor establishments, but rather has a far different reach, dealing with adult book stores, entertainment facilities and theaters, bath houses, massage shops, modeling studios, artist body painting studios, and exotic dance facilities. The Zoning Committee of the City Council held a series of hearings and the full Council finally acted on this zoning application. Walker's litigation challenged the validity of the zoning ordinance.
 
 
 6
 It was thus a zoning case that the City Council and its committee addressed. It was a zoning case that the district court considered. At no stage of this controversy in the City Council, its committee, the district court or this court, did the parties raise the issue of liquor regulations, or of the twenty-first amendment. The briefs before this court made no reference to the twenty-first amendment. Now, suddenly, for the first time in the entire history of this controversy, the twenty-first amendment springs forth in the panel opinion. Someday the twenty-first amendment may be a legitimate issue in a case such as this, as it has been in cases before other courts in the past, but the twenty-first amendment is not the issue in this case.
 
 
 7
 The decision violates the cardinal principle that we do not consider constitutional arguments unless they are first considered by the district court. Singleton v. Wulff, 428 U.S. 106, 120-21, 96 S.Ct. 2868, 2877-78, 49 L.Ed.2d 826 (1976) (reversing an Eighth Circuit decision, the Court upheld "the general rule that a federal appellate court does not give consideration to issues not raised below"); Greyhound Lines, Inc. v. Morrow, 541 F.2d 713, 724 (8th Cir.1976) (stating that "[i]t is old and well settled law that issues not raised in the trial court cannot be considered by this court"). This court has on countless occasions invoked the rule with respect to both constitutional and other issues. See Cato v. Collins, 539 F.2d 656, 662 (8th Cir.1976) (refusing to consider claim that Arkansas statute was unconstitutional); Rogers v. Masem, 788 F.2d 1288, 1292 (8th Cir.1985) (refusing to consider first amendment claim not raised or considered in district court); Hodgson v. Minnesota, 853 F.2d 1452, 1466 (8th Cir.1988) (en banc) (refusing to consider equal protection challenge not raised at trial); Hall v. Gus Const. Co., 842 F.2d 1010, 1017 (8th Cir.1988) (refusing to consider constitutional challenge of statute raised for first time in post trial motion); Lourdes High School v. Sheffield Brick & Tile Co., 870 F.2d 443, 446 (8th Cir.1989) (refusing to consider equal protection challenge to state statute not raised in the district court or considered in rule); Freeman v. Ferguson, 911 F.2d 52, 56-57 (8th Cir.1990) (dissent, Magill J.) (arguing against reversal of "the district court on a ground which it never had an opportunity to consider"). Every judge on this court has, at one time or another, authored or joined in opinions invoking this rule.
 
 
 8
 The Supreme Court, in Singleton v. Wulff, recognized that there may be exceptions to this rule, such as "where the proper resolution is beyond any doubt ... or where 'injustice might otherwise result.' " 428 U.S. at 121, 96 S.Ct. at 2877. These exceptions were not satisfied in Singleton nor do they have application in the instant case. The panel's reliance on Pfoutz v. State Mutual Automobile Ins. Co., 861 F.2d 527 (8th Cir.1988), is misplaced, because the statute in question there was discussed in oral argument and in supplementary letter briefs. The court, in Pfoutz, explained that the statute it considered raised no new issue but simply suggested another theory useful in resolving the issues raised by the parties. Id. at 530 n. 3.
 
 
 9
 The panel's statement that the city attorneys simply "failed to push the right buttons," Walker v. City of Kansas City, 911 F.2d 80, 92 n. 17 (8th Cir.1990), so as to raise or discuss the issue it enthusiastically pulls into the case, deprecates the ability of highly experienced lawyers in the Kansas City Attorney's Office, a substantial legal department consisting of twenty-two lawyers. The Kansas City Metropolitan Bar Association, 1990 Directory 27.
 
 
 10
 The panel opinion finds its strongest support for application of the twenty-first amendment in California v. LaRue, 409 U.S. 109, 93 S.Ct. 390, 34 L.Ed.2d 342 (1972), a case which dealt with regulations of the California Department of Alcoholic Beverage Control prohibiting sexually oriented entertainment in bars and nightclubs. Unlike this case, LaRue simply does not deal with zoning regulations. The panel opinion's dismissal of this distinction as "irrelevant" is nothing short of abandonment of its duty to examine this issue.
 
 
 11
 The parties were entitled to have the first amendment issues that were litigated in the district court and that were the subject of argument before the panel decided on the merits. Instead, they received a lengthy discussion, which the authoring judge concedes is "dicta," Walker, 911 F.2d at 92 n. 17, and may be mistaken for "gratuitous pedagogy," id. at 93. It was an expression of opinion of one judge, which failed to get another supporting vote. We shirk our responsibility when we refuse to frankly face the issue presented in a case before us. Perhaps the views in the dicta of the authoring judge, in all the semantic excess and exhilaration, unconsciously propelled the panel to its decision on the issue that was not before it. Certainly our court does not act in a desire to avoid facing such an issue, but our decision today makes it appear that we have done just that.
 
 
 12
 Admittedly the issue is one that has many emotional overtones, as is demonstrated by Miller v. Civil City of South Bend, 904 F.2d 1081 (7th Cir.), cert. granted, --- U.S. ----, 111 S.Ct. 38, 112 L.Ed.2d 15 (1990). In that case the Seventh Circuit en banc considered the application of the Indiana public indecency statute to nude dancing, and filed six separate opinions revealing a court sharply divided on the basis of personal beliefs, cultural views, philosophies or innate convictions as much as on legal issues. The Supreme Court's grant of certiorari in Miller demonstrates the significance of the only issue that is squarely presented in the case. We should grant rehearing and hold this case until the Supreme Court has given us guidance on the issue that was presented and litigated.
 
 
 13
 LAY, Chief Judge, with whom McMILLIAN, Circuit Judge, joins, dissenting, specially, from the denial of rehearing en banc.
 
 
 14
 I deem it unfortunate that the court refuses to grant a rehearing en banc in this case. I believe that en banc procedures should be used sparingly on any Court of Appeals. See United States v. Arpan, 887 F.2d 873, 879 n. 2 (8th Cir.1989) (en banc) (Lay, C.J., dissenting). Federal Rule of Appellate Procedure 35 stresses that en banc cases should be heard only when necessary to seek uniform decisions or when a question is exceptionally important. Here the issue is one of exceptional importance. The important question is not, perhaps, as some might think, whether go-go dancing is a form of expressive speech protected under the First Amendment. The district court held that it is protected speech and only Judge Bowman in his opinion argues that it is not. Neither Judge Dumbauld nor I agree with his rhetorical disdain of go-go dancing and the protection it has enjoyed as expressive conduct. Regardless of this disagreement, the issue, now of course, is before the Supreme Court. See Miller v. Civil City of South Bend, 904 F.2d 1081 (7th Cir.), cert. granted, --- U.S. ----, 111 S.Ct. 38, 112 L.Ed.2d 15 (1990).
 
 
 15
 We should grant a rehearing en banc in the present case because it is the first case in the history of the Eighth Circuit wherein we reverse a district court on grounds that were (1) not factually engaged in by the parties before the City Council, (2) not passed upon by the City Council, (3) not asserted in the district court, and (4) not briefed or argued before this court. As Judge Gibson artfully puts it in his dissent "the panel opinion decides a case that simply never was." The holding in this case overrules the well-settled law of this circuit that we do not pass upon issues that are not before us. (See cases cited by Judge Gibson's dissent). If this is, in itself, not a precedent which is of exceptional importance and which provides an unsettling conundrum for future judicial review in this court there is even a more important reason for hearing the case. Our court injects into the factual background of this case, on pure hypothesis, a constitutional ruling under the Twenty-first Amendment, never considered or relied upon by the parties before the City Council. Judge Dumbauld in his concurring statement urges that "we cannot escape the force of an amendment to the Constitution. It is part of the supreme law and we must apply it."[1] I respectfully submit this is startling doctrine indeed. Such an approach to judicial review would require an appellate court to review the entire United States Constitution in every decision. It would require the court to determine whether there are issues of equal protection, due process, Sixth Amendment, Fifth Amendment, Fourth Amendment, etc., that might be applicable to the case even though they have not been raised by the parties. The Supreme Court of the United States has never subscribed to such a freewheeling doctrine of law. Cf. e.g. Illinois v. Gates, 462 U.S. 213, 217, 103 S.Ct. 2317, 2321, 76 L.Ed.2d 527 (1982) (rejecting discussion of a "good faith" defense to the exclusionary rule because it had not been raised in the Illinois courts); Knetsch v. United States, 364 U.S. 361, 370, 81 S.Ct. 132, 137, 5 L.Ed.2d 128 (1960) (equal protection claim raised by amicus curiae but not discussed since "not raised by the parties"); Adamo Wrecking Co. v. United States, 434 U.S. 275, 293, 98 S.Ct. 566, 577, 54 L.Ed.2d 538 (1977) (Stuart, J., dissenting) (stating that "[b]ecause the petitioner has not raised any constitutional challenge in this case, there is no occasion to consider what limits, if any, the Due Process Clause of the Fifth Amendment imposes on the power of Congress to qualify or foreclose judicial review of agency action"). We disserve jurisprudential doctrine when the court creates a supposed justiciable issue out of thin air.
 
 
 
 [1]
 Judge Dumbauld does little justice to his cited "old maxim"--that "the law arises from the facts--ex facto oritur jus." The facts, as passed upon by the district court, do not relate to liquor licensing but to a land use ordinance and whether the City Council may invoke it to exercise, by prior restraint, a ban on expressive conduct. This factual background provided the adversarial arguments before the City Council and the district court. The case has nothing to do with liquor licensing or the Twenty-first Amendment