Argued and submitted January 13, affirmed November 24, 2004

Dolores M. BINGENHEIMER,
*Appellant,*

*v.*

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,
an Illinois corporation,
*Respondent,*

*and*

Heidi THOMAS
and Heather White,
*Defendants.*

0109-09817; A119220

100 P3d 1132

Alex C. Dunn argued the cause for appellant. With him on the brief was Vick & Conroyd, LLP.

R. Daniel Lindahl argued the cause for respondent. With him on the brief were John R. Bachofner and Bullivant Houser Bailey PC.

Before Haselton, Presiding Judge, and Linder and Ortega, Judges.

ORTEGA, J.

## ORTEGA, J.

Plaintiff was injured in a single-car accident after losing control of her car. She sought coverage for her injuries under her uninsured motorist (UM) policy with defendant State Farm Mutual Automobile Insurance Company (State Farm) on the theory that the accident was caused by a "phantom vehicle" under ORS 742.504(2)(g). She appeals the trial court's grant of summary judgment in favor of State Farm. We affirm.

The facts, stated in the light most favorable to plaintiff as the nonmoving party,[1] are as follows. Plaintiff was driving in the far right lane on Interstate 5 in an area of Portland known as the "Terwilliger curves." It was raining for the first time after a dry spell. As she approached a turn in the road, plaintiff noticed a car in front of her, driven by Heather White, begin to slide and lose control. Plaintiff applied her brakes and attempted to avoid White's sliding car. As plaintiff applied the brakes, her car likewise spun out of control, crossing two lanes of traffic before hitting the median dividing the north-bound and south-bound lanes.

Angela Willis was driving behind both plaintiff and White when she observed both of them lose control of their cars. Following the accident, Willis pulled over and walked back to the area where she had observed the two cars begin to slide. She testified that the area "was very slick with an oil-like substance covering approximately a 10' x 15' portion of the right-hand lane." No evidence was presented as to how the "oil-like substance" came to be on the road surface, and the police report attributes the accident to "extremely wet and curvy conditions."

Plaintiff alleged that the "oil-like substance" described by Willis was deposited on the road by an unknown "phantom vehicle" as a result of negligence of the vehicle's driver. Plaintiff alleged that the substance first caused White to lose control of her car and then caused plaintiff, following behind White, to lose control of her car while attempting to

---

[1] *See Robinson v. Lamb's Wilsonville Thriftway,* 332 Or 453, 455, 31 P3d 421 (2001).

avoid White. Plaintiff originally alleged that she suffered injuries as a result of the negligent actions of both the driver of the "phantom vehicle" and White, but voluntarily dismissed her claims against White before the hearing on summary judgment.

State Farm moved for summary judgment, contending that plaintiff (1) failed to present legally sufficient evidence that a "phantom vehicle" was responsible for the accident and (2) was disqualified from recovering under her UM policy with State Farm because she had settled her claim against White without first obtaining State Farm's consent. The trial court granted State Farm's motion, basing its reasoning on State Farm's first argument without reaching the second argument.

■　On appeal of the trial court's ruling in favor of State Farm's motion for summary judgment, we determine whether the summary judgment record, viewed in the light most favorable to plaintiff, shows that there were no genuine issues of material fact and that State Farm was entitled to judgment as a matter of law. *See Robinson v. Lamb's Wilsonville Thriftway*, 332 Or 453, 455, 31 P3d 421 (2001) (describing summary judgment standard). Plaintiff has the burden of producing evidence on any issue raised in the motion as to which she would have the burden of persuasion at trial. ORCP 47 C. Because plaintiff failed to present legally sufficient evidence to support a jury inference of negligence on the part of the driver of the alleged "phantom vehicle," we affirm the trial court's grant of summary judgment and do not address State Farm's alternative basis for summary judgment.

■　The parties appear to agree that, as required by ORS 742.504, plaintiff's UM policy is "no less favorable" to her than the provisions of that statute.[2] Accordingly, the resolution of State Farm's first ground for summary judgment can

---

[2] In setting out the required provisions for uninsured motorist coverage, ORS 742.504 provides, in pertinent part, that "[e]very policy required to provide the coverage specified in ORS 742.502 shall provide uninsured motorist coverage which in each instance is no less favorable in any respect to the insured or the beneficiary than if the following provisions were set forth in the policy." ORS 742.502(1) provides that all auto insurance policies issued in Oregon must include uninsured motorist coverage.

be decided by the proper interpretation of ORS 742.504. *See To v. State Farm Mutual Ins.*, 319 Or 93, 95, 97, 873 P2d 1072 (1994) (where none of the parties argued that the UM coverage at issue was intended to be more or less favorable than ORS 742.504(2)(g), resolution of the case depended on proper interpretation of that statute).

ORS 742.504(1)(a) provides that uninsured motorist coverage must include all sums that the insured is *"legally entitled* to recover as general and special damages from the owner or operator of an uninsured vehicle because of bodily injury sustained by the insured caused by accident and arising out of the ownership, maintenance, or use of such uninsured vehicle." (Emphasis added.) For instances in which the identity of the vehicle alleged to be responsible for the accident cannot be ascertained, ORS 742.504(2)(d)(C) defines "uninsured vehicle" to include a "phantom vehicle." Generally, a phantom vehicle is one that causes an accident resulting in bodily injury to the insured without physically contacting the insured or her vehicle, where the operator or owner cannot be ascertained. ORS 742.504(2)(g).[3] Accordingly, plaintiff can recover under her uninsured motorist coverage if she can show that she is "legally entitled" to recover damages from the owner or operator of a phantom vehicle.

■  An insured is "legally entitled" to recover damages under ORS 742.504(1)(a) only if she has a *"viable* tort claim against the responsible party and could have obtained a favorable judgment" in an action against that party. *Vega v. Farmers Ins. Co.*, 323 Or 291, 306, 918 P2d 95 (1996) (emphasis in original). For plaintiff's claim to survive summary judgment here, she must have presented evidence from which an objectively reasonable juror could infer facts necessary to

---

[3] ORS 742.504(2)(g) defines "phantom vehicle," in pertinent part, as follows:

" 'Phantom vehicle' means a vehicle which causes bodily injury to an insured arising out of a motor vehicle accident which is caused by an automobile which has no physical contact with the insured or the vehicle which the insured is occupying at the time of the accident, provided:

"(A) There cannot be ascertained the identity of either the operator or the owner of such phantom vehicle;

"(B) The facts of such accident can be corroborated by competent evidence other than the testimony of the insured or any person having an uninsured motorist claim resulting from the accident * * *."

constitute a viable tort claim against the driver of the alleged phantom vehicle. The critical facts to be established to support plaintiff's claim are that (1) plaintiff lost control of her car because of a foreign substance on the road surface (2) deposited there by a phantom vehicle (3) as a result of negligence of the vehicle's driver. Although it may be, as discussed below, that a juror reasonably could infer that plaintiff lost control of her car because of a foreign substance deposited on the road surface by a phantom vehicle, the record here is insufficient to support an inference that such a substance came to be on the road surface as a result of the negligence of the phantom vehicle's owner. Accordingly, plaintiff failed to present facts sufficient to constitute a viable tort claim.

As to the first necessary inference, Willis, who was following behind plaintiff, testified that the area where both plaintiff and White lost control of their cars "was very slick with an oil-like substance covering approximately a 10' x 15' portion of the right-hand lane." A jury reasonably could infer from that testimony that there was a foreign substance on the road that caused plaintiff to lose control of her car.

The second necessary inference presents a closer question. More than one reasonable inference can be drawn from the evidence that there was an "oil-like substance" that covered a 10- by 15-foot area of the right-hand lane where plaintiff lost control of her car. If a jury were to draw the first necessary inference, it may be that the jury then could conclude reasonably that a single vehicle was responsible for the substance on the highway.[4] We need not decide that question, however, because, in all events, plaintiff's case breaks down at the third necessary inference. Even if a jury were to infer that a single phantom vehicle deposited the foreign substance on the roadway, plaintiff has not presented sufficient evidence to support an inference that the driver of that vehicle was negligent.

---

[4] The phantom vehicle statute provides no support for State Farm's contention that a particular vehicle must be identified. Rather, as the Supreme Court has explained, "the statute requires the observation, with corroborated testimony thereof, of facts from which inferences may be drawn that the accident was caused by a phantom vehicle." *Farmers Insurance Exch. v. Colton,* 264 Or 210, 217, 504 P2d 1041 (1972).

■ Although negligence will not be presumed, *Peltier v. Dahlke*, 248 Or 512, 518, 434 P2d 457 (1967), the lack of evidence of negligence would not necessarily entitle State Farm to summary judgment if plaintiff could provide the necessary basis for application of the doctrine of *res ipsa loquitur,* which allows a plaintiff to establish negligence inferentially even though "the specific negligent conduct may not be identified since there is no proof to establish it." *Kaufman v. Fisher,* 230 Or 626, 636, 371 P2d 948 (1962). However, the doctrine applies only where the court first determines that it can be " 'reasonably found by the jury that the accident which occurred * * * is of the kind which more probably than not would not have occurred in the absence of negligence on the part of the defendant[.]' " *McKee Electric Co. v. Carson Oil Co.,* 301 Or 339, 353, 723 P2d 288 (1986) (quoting *Watzig v. Tobin,* 292 Or 645, 649, 642 P2d 651 (1982)). If the probability of a non-negligent cause is as great or greater than the probability of a negligent cause, the case should be withdrawn from the jury. *American Village v. Stringfield Lbr.,* 269 Or 41, 44, 522 P2d 891 (1974).

This record does not provide a legally sufficient basis for concluding that an accident caused by a phantom vehicle leaking an "oil-like substance," albeit a substantial amount of that substance, is of the kind that more probably than not would not have occurred in the absence of negligence. As the Supreme Court recognized in *American Village*, "mechanical objects suffer breakdowns every day without someone being negligent." 269 Or at 44. Although an owner or operator's negligence could be responsible for a phantom vehicle leaking an oil-like substance, the record does not establish that such negligence is a more likely cause than other possible causes, such as an unknown defect in the vehicle or recent damage to the vehicle that was beyond the driver's knowledge or control. Without any evidence in the record as to the relative probability of a vehicle leaking an oil-like substance with or without negligence, a jury is without a legally sufficient basis for inferring, based on *res ipsa loquitur,* that negligence of the driver of an alleged phantom vehicle caused plaintiff's injuries.

Affirmed.