**2017 UT App 44**

## THE UTAH COURT OF APPEALS

NANI NAU,
Appellant,
*v.*
SAFECO INSURANCE COMPANY OF ILLINOIS,
Appellee.

Opinion
No. 20150427-CA
Filed March 9, 2017

Fourth District Court, Provo Department
The Honorable Derek P. Pullan
No. 140400338

Nathan E. Burdsal and Hutch U. Fale, Attorneys
for Appellant

Nathan R. Skeen, Attorney for Appellee

JUDGE STEPHEN L. ROTH authored this Opinion, in which JUDGES
GREGORY K. ORME and J. FREDERIC VOROS JR. concurred.

ROTH, Judge:

¶1     Nani Nau appeals the district court's grant of summary judgment in favor of Safeco Insurance Company of Illinois (Safeco) on his uninsured motorist claim. We affirm.

¶2     In February 2014, Mr. Nau was driving in the far left lane of I-15 near Draper, Utah when his tire ruptured. He lost control of the vehicle and crashed into the median, suffering serious injury.

¶3     According to Mr. Nau, the tire ruptured because he ran over debris in the road that looked like a piece of concrete, rubber, or carpet approximately two to three feet wide. Mr. Nau's wife was also in the vehicle at the time of the crash, but

she was not looking at the road and therefore did not see the debris. Nevertheless, she recalled hearing her husband exclaim, "oh," and feeling the car run over something just before he lost control of the vehicle.

¶4 Mr. Nau filed a claim with his insurance agency, Safeco, pursuant to the uninsured motorist provisions of his insurance policy under the theory that an unidentified motorist was the cause of the debris on the highway and thus the cause of the accident. Safeco denied the claim, and Mr. Nau filed a complaint in district court.

¶5 Safeco moved for summary judgment on the ground that Mr. Nau could not meet his burden of proof under Utah law. Mr. Nau responded that his and his wife's statements together raised a genuine issue of fact as to whether there was debris on the road and that the doctrine of res ipsa loquitur should be applied to establish the inference that the debris was left by an uninsured motor vehicle.

¶6 The district court granted Safeco's motion for summary judgment, concluding that the evidence was speculative as to whether there was debris on the road and as to whether it was left by an uninsured motor vehicle. Mr. Nau appeals.

¶7 "We review a district court's grant of summary judgment for correctness, giving no deference to its conclusions of law. Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." *Flowell Elec. Ass'n, Inc. v. Rhodes Pump, LLC*, 2015 UT 87, ¶ 8, 361 P.3d 91 (citations and internal quotation marks omitted).

¶8 For purposes of our analysis, we assume that Mr. Nau's and his wife's statements raised a genuine issue of material fact

as to the existence of the debris.[1] However, because we conclude that Mr. Nau's evidence could not establish that the debris was left by an uninsured motorist under the doctrine of res ipsa loquitur, we ultimately affirm the grant of summary judgment in favor of Safeco.

¶9     Under Utah law, the definition of an "uninsured motor vehicle" includes "an unidentified motor vehicle that left the scene of an accident proximately caused by the motor vehicle operator." Utah Code Ann. § 31A-22-305(2)(b) (LexisNexis 2014). However, to prove that such a vehicle caused an accident, the claimant must "show the existence of the uninsured motor vehicle by clear and convincing evidence consisting of more than the covered person's testimony." *Id.* § 31A-22-305(6).

¶10     The doctrine of res ipsa loquitur "is essentially an evidentiary rule that allows an inference of negligence to be drawn when human experience provides a reasonable basis for concluding that an injury probably would not have happened if due care had been exercised." *King v. Searle Pharm., Inc.*, 832 P.2d

---

1. Mr. Nau argues that the district court misinterpreted the statutory requirement that the evidence presented "to show the existence of the uninsured motor vehicle" must consist "of more than the covered person's testimony" and, as a result, considered only his wife's testimony on the question of whether there was debris in the road. However, the district court's ultimate decision rested on more than one ground, namely that the cause of the debris was speculative. Because we resolve this appeal by affirming the court's independent alternative conclusion, we do not further address whether the court misinterpreted the statute. *See State v. Beck*, 2006 UT App 177, ¶ 9 n.1, 136 P.3d 1288 ("Because our ruling regarding the trial judge's [alternative basis] is dispositive, we need not address [the] other issues."), *aff'd* 2007 UT 60, 165 P.3d 1225.

858, 861 (Utah 1992). Under res ipsa loquitur, a plaintiff can "go forward on circumstantial evidence alone" by establishing "a rebuttable inference of negligence and causation." *Nielsen v. Pioneer Valley Hospital*, 830 P.2d 270, 273 (Utah 1992) (citation and internal quotation marks omitted). This inference requires proof of three elements: (1) that "the accident was of a kind which, in the ordinary course of events, would not have happened had the defendant used due care"; (2) that "the agency or instrumentality causing the accident was at the time of the accident under the exclusive management or control of the defendant"; and (3) that "the plaintiff's own use or operation of the agency or instrumentality was not primarily responsible for the accident." *King*, 832 P.2d at 861.

¶11    Mr. Nau points out that "[i]t is a general rule of Utah law that violation of a safety standard set by statute or ordinance constitutes prima facie evidence of negligence," *Ryan v. Gold Cross Services, Inc.*, 903 P.2d 423, 426 (Utah 1995), and that Utah law prohibits drivers from operating any vehicle with a load on a highway "unless the load and any load covering is fastened, secured, and confined to prevent the covering or load from becoming loose, detached, or in any manner a hazard to the safe operation of the vehicle, or to other highway users," Utah Code Ann. § 72-7-409(6) (LexisNexis Supp. 2016). Mr. Nau asserts that a jury could infer from the fact that debris was in the road that it was left behind by an unidentified motorist who failed to use due care in securing his or her load and that the evidence is therefore sufficient to create an issue of fact as to whether Mr. Nau's accident was caused by an uninsured motorist.

¶12    In cases involving accidents caused by debris in a roadway, whether a reasonable inference can be drawn that the debris was left by an unidentified motorist depends on the type of debris in question. For example, in *Pfoutz v. State Farm Mutual Automobile Insurance Co.*, 861 F.2d 527 (8th Cir. 1988), the United States Court of Appeals for the Eighth Circuit held that res ipsa

loquitur could be employed to find that "a 200-pound diesel engine head lying in the traffic lane of a heavily travelled interstate highway" in Missouri raised "a reasonable inference that a motor vehicle was hauling the engine head when it fell onto the freeway" and that the engine head fell as a result of negligence on the part of the hauling vehicle's operator. *Id.* at 528–29. The court reasoned that "[t]he fact that the engine head fell onto the freeway clearly shows that it was not adequately secured" by the operator of the vehicle hauling it. *Id.* at 530. Similarly, in *Khirieh v. State Farm Mutual Automobile Insurance Co.*, 594 So. 2d 1220 (Ala. 1992), the Alabama Supreme Court held that the presence of a truck's bench seat on a highway constituted "legally sufficient evidence that a phantom motorist's negligence was the probable cause of the [motor vehicle] accident" that ensued. *Id.* at 1223–24.

¶13 On the other hand, in *Tuttle v. Allstate Insurance Co.*, 138 P.3d 1107 (Wash. Ct. App. 2006), the Washington Court of Appeals rejected an argument that it could be inferred that the negligence of an uninsured motorist was responsible for the presence of a wheel and tire in the road that caused a subsequent accident. The court explained that the plaintiff could not "show that the driver [of the unidentified vehicle] had exclusive control over the wheel and tire" because "[t]he wheel may have come off the vehicle because a third party negligently installed it or intentionally rolled it into the road." *Id.* at 1113. Likewise, in *Bingenheimer v. State Farm Mutual Automobile Insurance Co.*, 100 P.3d 1132 (Or. Ct. App. 2004), the Oregon Court of Appeals held that the mere existence of motor oil on a highway could not establish that an accident caused by the oil was the fault of a motor-vehicle operator:

> Although an owner or operator's negligence could be responsible for a phantom vehicle leaking an oil-like substance, the record does not establish that such negligence is a more likely cause than other

possible causes, such as an unknown defect in the vehicle or recent damage to the vehicle that was beyond the driver's knowledge or control.

*Id.* at 1135.

¶14　Read together, these cases indicate that, to infer that debris was left by the negligence of the driver of an unidentified motor vehicle, the inference must be more than just a possible explanation; rather, it must be the likely explanation for the debris in the road. For example, the most likely explanation for the presence of a 200-pound engine head or a truck bench seat on a highway is that they fell from a motor vehicle to which they were inadequately secured. On the other hand, the existence of tires, wheels, and motor oil on a highway could have several explanations apart from a motorist's negligence in securing a load. As we noted in *State v. Cristobal*, 2010 UT App 228, 238 P.3d 1096, "a reasonable inference arises when the facts can reasonably be interpreted to support a conclusion that one possibility is more probable than another"; but "[w]hen the evidence supports more than one possible conclusion, none more likely than the other, the choice of one possibility over another can be no more than speculation." *Id.* ¶ 16; *see also Heslop v. Bear River Mutual Ins. Co.*, 2017 UT 5, ¶ 21 ("[A]lthough circumstantial evidence may sometimes raise an inference strong enough to create a genuine issue of material fact on summary judgment, to be reasonable, the inference must present something more than pure speculation."). Therefore, where the existence of debris on a highway has more than one equally likely explanation, any determination by the jury that the debris was left by an unidentified motorist would be mere speculation.

¶15　Under the circumstances here, it was possible that the debris Mr. Nau ran over had fallen from a motor vehicle because the vehicle's operator was negligent in securing a load. However, other explanations are equally likely, and thus an

inference that the debris was left by an unidentified motorist who failed to use adequate care in securing his or her load "can be no more than speculation." *See Cristobal*, 2010 UT App 228, ¶ 16. Mr. Nau described the debris he ran over as "a piece of rubber," "piece of concrete," "or piece of carpet"; "something . . . very hard." No further description of the debris was provided by any witness. Like the wheel and tire in *Tuttle* and the oil in *Bingenheimer*, concrete and rubber are materials whose presence on the road could have a number of causes other than negligence by an unidentified motorist. Concrete could have ended up on the roadway due to the negligence of a roadside construction crew or due to damage to the highway median from a snowplow blade; rubber could have come from a tire that ruptured because it was negligently installed by someone other than the motorist or as a result of undetected highway conditions. The presence of a piece of carpet on the inside lane of a freeway has fewer alternate explanations, but Mr. Nau did not know whether the debris was carpet, rubber, or concrete, so there was no basis for a jury to infer that the debris was more likely a piece of carpet than an object of concrete or rubber or "something" else "very hard." Thus, the circumstantial evidence presented in this case was not sufficient to "raise an inference strong enough to create a genuine issue of material fact on summary judgment." *Heslop*, 2017 UT 5, ¶ 21.

¶16 Because Mr. Nau's theory of the case rested on speculation, he would have been unable to prove the three elements of res ipsa loquitur. *See King v. Searle Pharm., Inc.*, 832 P.2d 858, 861 (Utah 1992). And without the doctrine of res ipsa loquitur, a jury could not infer the negligence of an uninsured motorist or that an uninsured motor vehicle existed under the circumstances of this case. Therefore, the district court did not err in granting summary judgment in favor of Safeco. Affirmed.