Argued and submitted May 10, affirmed September 15, 1999, petition for review allowed January 18, 2000 (329 Or 589)

Sharon ROBINSON,
*Appellant,*

*v.*

LAMB'S WILSONVILLE THRIFTWAY,
a partnership,
*Respondent.*

(CCV 97-06344; CA A102402)

986 P2d 661

Thomas M. Christ argued the cause for appellant. With him on the briefs was Kenneth C. Crowley.

Brian R. Talcott argued the cause for respondent. With him on the brief were G. Kenneth Shiroishi and Dunn, Carney, Allen, Higgins & Tongue.

Before Landau, Presiding Judge, and Linder and Brewer, Judges.

BREWER, J.

## BREWER, J.

■ Plaintiff appeals from summary judgment in this negligence action filed after she slipped and fell on the floor in defendant's store. Plaintiff contends that, despite her failure to submit admissible opposing evidence, summary judgment was improper, because defendant's evidence did not adequately contradict her claim. We view the evidence that was before the trial court, and all reasonable inferences from it, in the light most favorable to plaintiff, the nonmoving party. *Jones v. General Motors Corp.*, 325 Or 404, 420, 939 P2d 608 (1997). We affirm.

Plaintiff was a customer at defendant's grocery store. She was injured when she slipped and fell in a pool of liquid located on the floor. Her complaint alleged two theories of recovery available to plaintiffs in slip-and-fall cases: (1) that the defendant knew the substance was there and failed to use reasonable diligence to remove it, and (2) that the substance was on the floor so long that the defendant should, in the exercise of reasonable diligence, have discovered and removed it. *Griffin v. K.E. McKay's Market of Coos Bay, Inc.*, 125 Or App 448, 451, 865 P2d 1320 (1993), *rev den* 319 Or 80 (1994).[1] Eight months after plaintiff's complaint was filed, and after the parties had engaged in discovery, defendant filed a motion for summary judgment.

In support of summary judgment, defendant submitted affidavits from two store employees who were on duty when plaintiff fell. One of the affidavits was from the clerk to whom plaintiff reported the incident. That employee stated that she did not know the liquid was on the floor before she spoke with plaintiff and that she was not aware of any other employee who knew of the spill. The witness also stated that she did not know how the liquid got on the floor nor how long it was on the floor, and that she was not aware of any other employee with knowledge of either fact. The second affidavit was submitted by defendant's store manager, who stated:

---

[1] Specifically, plaintiff alleged that defendant was negligent because it knew or should have known of the hazard, failed to maintain and inspect its premises or train its employees to prevent that hazard, and failed to warn her of its presence. Plaintiff did not allege facts supporting the third permissible theory of slip-and-fall recovery, that defendant placed the substance on the floor.

"I never saw any liquid on the floor that day. I do not know how the liquid got on the floor, nor do I know how long it was on the floor. We are not aware of any store employees or anyone else who knows how the liquid got on the floor or how long it had been there."

Defendant also submitted excerpts from plaintiff's deposition testimony in which she acknowledged that she did not know if the spill was caused by an employee, whether any employee knew about it, or how long the liquid had been on the floor. Plaintiff's primary response was that, despite the fact that she did not produce admissible opposing evidence, defendant was not entitled to summary judgment because its submissions failed effectively to contradict an essential element of her theories of recovery.

The trial court granted defendant's motion for summary judgment. The court concluded that there were no genuine issues of material fact and that plaintiff

"misunderstands the moving parties' burden on a motion for summary judgment. Defendant has no duty to affirmatively prove or disprove the existence of material fact. * * * As in *Dubry v. Safeway Stores,* 70 Or App 183, [689 P2d 319 (1984), *rev den* 298 Or 470 (1985),] the relevant analysis is defendant's knowledge that the foreign material was on the floor. * * *

"* * * There is nothing in the admissible evidence from which an inference could be drawn as to how long the water was on the floor before plaintiff fell. Plaintiff's proof is inadequate as a matter of law."

This appeal followed.

ORCP 47 C provides, in part:

"The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. No genuine issue as to a material fact exists if, based upon the record before the court viewed in a manner most favorable to the adverse party, no objectively reasonable juror could return a verdict for the adverse party on the matter that is the subject of the motion for summary judgment."

The final sentence of the rule was added in 1995 and codifies the Oregon Supreme Court's decisions on summary judgment up to that time. *Jones*, 325 Or at 414-15. The leading decision in that line of authority held that summary judgment may not be granted in the presence of a "triable issue," one that would entitle a party to a jury determination. *See-borg v. General Motors Corporation*, 284 Or 695, 700, 588 P2d 1100 (1978). The court further held that the moving party has the burden of showing the absence of genuine issues of material fact, even as to those issues on which the opposing party would have the trial burden. *Id.* at 699.

Seeborg was a product liability action in which the defendant asserted on summary judgment that any damage suffered by the plaintiff was caused by an unauthorized alteration of the product. The defendant's evidence supporting summary judgment showed that the plaintiff had switched a light fuse in the allegedly defective vehicle. The defendant produced no evidence as to whether the amperage of the replacement fuse exceeded the specifications in the vehicle owner's manual. The plaintiff presented no evidence opposing summary judgment. *Id.* at 701. The Supreme Court held that the defendant had met its evidentiary burden and that the plaintiff was required to set forth specific facts to controvert the defendant's evidence in order to avoid summary judgment. *Id.* at 703. The court also held that the plaintiff was not entitled to a jury determination because the evidence, viewed in the light most favorable to the plaintiff, demonstrated that the nonexistence of the fact plaintiff asserted was true—that the replacement fuse amperage was within manufacturer specifications—was as probable as its existence. *Id.* at 704.

Defendant relies on *Dubry*, a slip-and-fall case in which we affirmed summary judgment in favor of the defendant. In *Dubry*, the defendant produced no evidence other than excerpts from the plaintiff's deposition that described the circumstances of his fall but that shed no light on how long the substance on which the plaintiff slipped had been on the floor. The plaintiff submitted no evidence opposing the motion. We held that, in order to defeat summary judgment on a slip-and-fall claim alleging that the defendant should have known of the hazard, there must be some evidence of

how long the offending material was on the floor. Here, defendant argues that, because plaintiff produced no such evidence, summary judgment was appropriate.

Plaintiff counters that defendant's submissions amount to a bare assertion that plaintiff has "no evidence" to support her theories of recovery and that controlling case law forbids summary judgment based exclusively on such a showing. Plaintiff relies on two later cases decided by this court that held that a defendant is not entitled to summary judgment merely by showing that the plaintiff does not know as of the time of the summary judgment proceedings what caused the plaintiff's fall or that the plaintiff cannot prove negligence through the testimony of witnesses whom the defendant has deposed. *Carr v. Jefferson Foods, Inc.*, 106 Or App 12, 15, 805 P2d 753 (1991); *Reed v. Jackson County*, 105 Or App 24, 32, 803 P2d 1194 (1990), *rev den* 311 Or 261 (1991).

Plaintiff argues that defendant's employee's affidavits failed to establish that defendant did not know and should not have known of the spill. Plaintiff characterizes those affidavits as saying "I don't know what happened," rather than denying the allegations of her complaint. Plaintiff reasons that the production of more "I don't know" evidence from the moving party is a variation of the "plaintiff has no evidence" argument disapproved in *Reed* and *Carr* and does not satisfy defendant's evidentiary burden. We disagree with that characterization of defendant's showing.

The moving party's evidentiary burden is satisfied by the production of evidence that creates a permissible inference contradicting one or more material elements of the opposing party's claim or defense. *See Seeborg*, 284 Or at 701-02; *see also Reed*, 105 Or App at 31. Here, defendant *did* introduce evidence that created permissible inferences inconsistent with the existence of facts material to each of plaintiff's theories of recovery. Admittedly, defendant's submissions failed to establish conclusively that evidence supporting plaintiff's claim might never emerge. Moreover, defendant did not submit other evidence that could have either strengthened or weakened the inferences contradicting plaintiff's allegations of negligence. For example, defendant did not present affidavits from each and every employee

who was on duty when plaintiff fell, nor did defendant submit evidence showing the frequency of inspections of the floor in the area where plaintiff fell. While those omissions reflected on the quality of defendant's evidence, they did not reduce it to the rubble of conjecture. Defendant's evidence established that at least two key on-duty employees did not support plaintiff's allegations that defendant knew of the spill or that it was on the floor for an unreasonable length of time before plaintiff fell, *and* that those witnesses knew of nobody else who could substantiate those allegations. Once confronted with that showing, plaintiff was bound to support her theories of negligence with specific facts or else suffer summary judgment.

Unlike the trial court's decision, ours does not rest on the analysis in *Dubry*. We recognize that in *Jones* the Supreme Court declined to decide whether "several unreviewed decisions of the Court of Appeals" (perhaps referring to *Carr, Reed,* and *Dubry*) were consistent with the evidentiary standard established in *Seeborg. Jones* at 416. Despite the parties' invitation to do so, we also find it unnecessary to make that determination. Those cases each involved variations of the "plaintiff has no evidence" form of summary judgment motion—which we have already established is not at issue in this case. Therefore, it is unnecessary to reach the question of their continuing vitality. For the same reason, we need not decide whether it is possible to harmonize the results in those cases.

Finally, plaintiff argues that if the moving party can obtain summary judgment through an inexhaustive evidentiary showing tending to contradict a material fact, "it would allow the defendant to get out of the case on summary judgment simply by filing an early motion, before discovery ends, and supporting it with affidavits from the least knowledgeable witnesses the defendant can find." We disagree.

■      ORCP 47 F provides that:

"Should it appear from the affidavits of a party opposing the motion that such party cannot, for reasons stated, present by affidavit facts essential to justify the opposition of that party, the court may refuse the application for judgment, or may order a continuance to permit affidavits to be

> obtained or depositions to be taken or discovery to be had, or may make such other order as is just."

Should a party file for summary judgment prematurely, the trial court has discretion to deny the motion or postpone its determination until discovery is more thoroughly conducted. In this case, plaintiff did not request a continuance under ORCP 47 F. Furthermore, she had over eight months after filing her complaint in which to discover and produce evidence before the motion was decided and did not do so. Although plaintiff apparently prefers to wait until trial to introduce evidence favorable to her position, that strategy was explicitly disapproved in *Seeborg* where, as here, the defendant's evidence exposes the nonexistence of genuine issues of material fact on summary judgment. 284 Or at 699, 702.

Affirmed.