Argued and submitted September 7, 2000, decision of Court of Appeals and judgment of circuit court reversed and case remanded to circuit court for further proceedings August 30, 2001

Sharon ROBINSON,
*Petitioner on Review,*

*v.*

LAMB'S WILSONVILLE THRIFTWAY,
a partnership,
*Respondent on Review.*

(CC CCV 97-06344; CA A102402; SC S46932)

31 P3d 421

Thomas M. Christ, Portland, argued the cause and filed the brief for petitioner on review. With him on the brief was Kenneth C. Crowley, Wilsonville.

Brian R. Talcott, of Dunn, Carney, Allen, Higgins & Tongue LLP, Portland, argued the cause and filed the brief for respondent on review.

William H. Walters, of Miller Nash LLP, Portland, filed the brief for *amicus curiae* Oregon Association of Defense Counsel.

Before Carson, Chief Justice, and Gillette, Durham, Leeson, and Riggs, Justices.**

GILLETTE, J.

---

** Van Hoomissen, J., retired December 31, 2000, and did not participate in the decision of this case; Kulongoski, J., resigned June 14, 2001, and did not participate in the decision of this case; De Muniz, J., did not participate in the consideration or decision of this case.

**GILLETTE, J.**

In this negligence action, plaintiff seeks damages for injuries that she alleges that she sustained after slipping on a puddle of liquid and falling to the floor of defendant's grocery store. The trial court granted defendant's summary judgment motion. The Court of Appeals affirmed. *Robinson v. Lamb's Wilsonville Thriftway*, 162 Or App 632, 986 P2d 661 (1999). We allowed plaintiff's petition for review to consider: (1) whether amendments to Oregon's summary judgment rule, Rule 47 of the Oregon Rules of Civil Procedure (ORCP), which became effective during the pendency of plaintiff's appeal, apply to her action; and (2) whether, under the applicable summary judgment standard, the trial court erred in granting summary judgment. For the reasons that follow, we conclude that the amendments to the summary judgment rule do not apply to this case and that, under the standard that does apply, the trial court erred. Accordingly, we reverse the decision of the Court of Appeals and the judgment of the trial court, and remand the case to the trial court for further proceedings.

■■ On review of a grant of summary judgment, we view the facts and all reasonable inferences that may be drawn from them in favor of the nonmoving party—in this case, plaintiff. *Jones v. General Motors Corp.*, 325 Or 404, 408, 939 P2d 608 (1997). Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. ORCP 47 C. That standard, which we discuss more fully below, is met when "no objectively reasonable juror could return a verdict for the adverse party on the matter that is the subject of the motion for summary judgment." *Id.*

Plaintiff was shopping at defendant's grocery store when she slipped on a puddle of clear liquid on the floor and fell. She later filed a negligence action against defendant to recover damages for injuries that she alleged had resulted from that fall. Among other allegations in her complaint, plaintiff asserted that defendant knew or should have known that the liquid on the floor was hazardous to defendant's customers.

After some discovery had occurred, defendant moved for summary judgment. Defendant supported its motion with excerpts from plaintiff's deposition and affidavits from the store manager and a cashier. The gist of plaintiff's deposition testimony was that she did not know how the liquid had come to be on the floor, how long it had been on the floor before she fell, or whether defendant's employees knew about it before her accident. In their affidavits, the store manager and cashier likewise stated that they did not know how the liquid came to be on the floor or how long it had been there before plaintiff fell. Both also stated that they were not aware of any store employee who would have that information. The manager added that "[w]e are not aware of * * * anyone else who knows how the liquid got on the floor or how long it had been there."

Plaintiff responded to defendant's motion with evidence of her own. For various reasons, the trial court rejected plaintiff's evidence.[1] Plaintiff also argued that, in any event, defendant had failed to carry its burden on summary judgment because defendant had failed to disprove one or more of the elements of plaintiff's claim. With respect to plaintiff's argument that defendant had failed to satisfy its summary judgment burden, the trial court ruled:

"* * * Defendant has no duty to affirmatively prove or disprove the existence of a material fact. The issue is whether defendant's conduct, which plaintiff could produce at trial, did or did not meet the appropriate standard of care. * * * [T]he relevant analysis is defendant's knowledge that the foreign material was on the floor. * * *

"* * * There is nothing in the admissible evidence from which an inference could be drawn as to how long the water was on the floor before plaintiff fell. Plaintiff's proof is inadequate as a matter of law."

The trial court thereafter granted defendant's motion for summary judgment and entered judgment against plaintiff.

In its opinion affirming the trial court's judgment, the Court of Appeals acknowledged that defendant had "failed to establish conclusively that evidence supporting

---

[1] The trial court's rulings respecting plaintiff's evidence are not at issue here.

plaintiff's claim might never emerge." *Robinson*, 162 Or App at 637. The court nevertheless concluded that defendant had satisfied its evidentiary burden on summary judgment:

"Defendant's evidence established that at least two key on-duty employees did not support plaintiff's allegations that defendant knew of the spill or that it was on the floor for an unreasonable length of time before plaintiff fell, *and* that those witnesses knew of nobody else who could substantiate those allegations. Once confronted with that showing, plaintiff was bound to support her theories of negligence with specific facts or else suffer summary judgment."

*Robinson*, 162 Or App at 638 (emphasis in original).

We allowed plaintiff's petition for review and asked the parties to address, in addition to their other arguments, whether the 1999 amendments to ORCP 47 C, which became effective after the Court of Appeals issued its decision and three days after plaintiff filed her petition for review, apply to plaintiff's case. We begin with that predicate issue.

**3.** The legislature amended ORCP 47 C in 1999 as follows:

"The motion and all supporting documents shall be served and filed at least 45 days before the date set for trial. The adverse party shall have 20 days in which to serve and file opposing affidavits and supporting documents. The court shall have discretion to modify these stated times. The [*judgment sought shall be rendered forthwith*] **court shall enter judgment for the moving party** if the pleadings, depositions, **affidavits** and admissions on file[, *together with the affidavits, if any,*] show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No genuine issue as to a material fact exists if, based upon the record before the court viewed in a manner most favorable to the adverse party, no objectively reasonable juror could return a verdict for the adverse party on the matter that is the subject of the motion for summary judgment. **The adverse party has the burden of producing evidence on any issue raised in the motion as to which the adverse party would have the burden of persuasion at trial. The adverse party may satisfy the burden of producing evidence with an affidavit under section E of this rule**. A summary judgment, interlocutory in character,

may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."

Or Laws 1999, ch 815, § 1 (deleted text in brackets and italics; new text in boldface).

Respecting the applicability of those amendments, the legislature provided in section 2 of the same act that "[t]he amendments to ORCP 47 C by section 1 of this 1999 Act apply to *all actions pending on* or commenced after the effective date of this 1999 Act." Or Laws 1999, ch 815, § 2 (emphasis added). The act became effective on October 23, 1999. The initial question, in terms of the wording of section 2, is whether the case at hand was an "action pending on" the effective date of the act.

■■ That question is one of legislative intent, which we first begin to resolve by examining the text and context of the legislative act. *See PGE v. Bureau of Labor and Industries,* 317 Or 606, 610-11, 859 P2d 1143 (1993) (describing methodology); *Jones,* 325 Or at 411 (applying *PGE* methodology in construing 1995 amendments to ORCP 47). If the legislature's intent with respect to particular statutory wording is "clear," then the court does not inquire further. *PGE,* 317 Or at 611. If, on the other hand, there remains at that point more than one reasonable interpretation of the statutory wording in question, then the court consults legislative history to determine whether the actual intent can be discerned based on that history. *Id.* at 611-12. We turn now to an application of that interpretative paradigm to section (2) of the 1999 act.

We focus, first, on the word "pending," the meaning of which is relatively clear: In both ordinary and legal parlance, "pending" is used to indicate that a matter has yet to be decided. *See Webster's Third New Int'l Dictionary,* 1669 (unabridged ed 1993) (defining "pending" as "not yet decided : in continuance : in suspense * * *"); *see also Black's Law*

*Dictionary*, 1154 (7th ed 1999) (adjective "pending" means "[r]emaining undecided; awaiting decision * * *").[2]

A case that is on appeal is "pending" in the sense that it has yet to be decided *at the appellate level*. However, the question in this case is whether it is appropriate to designate a case that is pending on appeal as an *"action* pending" under ORCP 47 C.

In attempting to determine the legislature's intent, we also look, at the first level of the *PGE* analysis, to the context of the enactment. *See PGE*, 317 Or at 611 (in examining context at first level of statutory construction paradigm, court looks at "other provisions of the same statute and other related statutes"). Because the enactment in question amended the ORCP, its context, for purposes of that inquiry, includes other provisions of the ORCP.

When we consult that context, the legislative intent becomes clear. ORCP 1 A provides:

> "These rules govern procedure and practice in all *circuit* courts of this state * * * for all civil *actions* * * * whether cognizable as cases at law, in equity, or of statutory origin except where a different procedure is specified by statute or rule. These rules shall also govern practice and procedure in all civil actions and special proceedings, whether cognizable as cases at law, in equity, or of statutory origin, * * * and for all other courts of this state *to the extent they are made applicable to such courts by rule or statute*. Reference in these rules to actions shall include all civil actions * * * whether cognizable as cases at law, in equity or of statutory origin."

(Emphasis added.) That is, the rules—including ORCP 47 C—are rules to be applied to actions in *trial courts*. Additionally, the rules—including ORCP 47 C—govern procedure in *other* Oregon courts, "to the extent they are made applicable

---

[2] In *State v. Hilborn*, 299 Or 608, 611, 705 P2d 192 (1985), this court quoted a more extensive definition of "pending" in an earlier edition of *Black's*:

" 'Begun, but not yet completed; during; before the conclusion of; unsettled; undetermined; in process of settlement or adjustment. Thus, an action or suit is "pending" from its inception until the rendition of a final judgment.' "

(Quoting *Black's Law Dictionary*, 1291 (4th ed 1951)).

to such courts by rule or statute." No rule or statute makes the amended version of ORCP 47 C applicable to the present case pending in this court. That message respecting the scope of the rules then is repeated in ORCP 1 C:

> "These rules, *and amendments thereto,* shall apply *to all actions pending at the time of or filed after their effective date * * *.*"

(Emphasis added.)

Thus, the rules of civil procedure themselves state what their scope is and indicate, using the very same phrase "actions pending"—that is at issue here, that amendments shall have that same scope. Nothing in the wording of the act that amended ORCP 47 C suggests that the legislature intended to depart from the ordinary scope of the rules, as set out in ORCP 1 A and C, and nothing in the balance of the ORCP points to a different conclusion.

The text and context of ORCP 47 C makes it clear that, when the legislature provided that "the amendments to ORCP 47 C by section 1 of this 1999 Act apply to all actions pending on or commenced after the effective date of this 1999 Act," it intended that the amendments apply only to actions pending in trial courts. *See PGE*, 317 Or at 611 (if legislature's intent is clear from text and context, further inquiry is unnecessary). Because the present case already was on appeal when the amendment to ORCP 47 C became effective, the pre-amendment summary judgment standard is applicable.

We proceed to apply the former ORCP 47 C standard to the facts of this case. Under that standard, defendant, as the moving party, bore the burden of showing that there was no genuine issue of material fact—even as to issues that the plaintiff would have had the burden of proving at trial. *See Jones*, 325 Or at 420 (so holding; citing *Seeborg v. General Motors Corporation*, 284 Or 695, 699, 588 P2d 1100 (1978)). A genuine issue of fact is a triable issue of fact, and a moving party therefore must show that the uncontroverted factual posture of the case is such that the adverse party would not be entitled to a jury determination. *Jones*, 325 Or at 413-14. Once a moving party has

"made and supported [a summary judgment motion] as provided in this rule an adverse party may not rest upon the mere allegations or denials of that party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this section, [discussing acceptable forms of summary judgment evidence], must set forth specific facts showing that there is a genuine issue as to any material fact for trial."

ORCP 47 D.

Here, plaintiff alleges that defendant knew or should have known that the liquid on the floor was hazardous to its customers. Defendant does not challenge the legal theory that underlies those allegations. Thus, the question is whether defendant's summary judgment evidence demonstrated that plaintiff was not entitled to have a jury determine whether defendant knew or should have known about the liquid on the floor. If so, then the burden shifted to plaintiff to demonstrate that there was evidence from which a jury could have found for plaintiff on that issue. *See* ORCP 47 D ("If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against such party.").

Plaintiff asserts that defendant's motion failed to meet the burden-shifting threshold, because defendant's "I don't know" evidence "doesn't prove (or disprove) anything." As noted, the Court of Appeals disagreed. It reasoned that, although defendant's evidence "failed to establish conclusively that evidence supporting plaintiff's claim might never emerge," defendant's evidence nonetheless "created permissible inferences inconsistent with the existence of facts material to each of plaintiff's theories of recovery." *Robinson*, 162 Or App at 637. In the Court of Appeals' view, that showing compelled plaintiff to produce evidence in support of her theories or else suffer summary judgment. *Id.* at 638.

■     The foregoing reasoning was erroneous. As noted, on review of a grant of a motion for summary judgment, the appellate court must "view the evidence and all reasonable inferences that may be drawn from the evidence" in favor of the adverse party. *Jones*, 325 Or at 408. The Court of Appeals did not do that. Instead, it construed the evidence and drew

inferences therefrom in favor of defendant, the moving party in this case.

When viewed in the light most favorable to plaintiff, defendant's evidence establishes only that plaintiff and two of defendant's employees (a cashier and the manager) did not know about the liquid on the floor before the accident, that the cashier did not know of any other employee who had such knowledge, and that the manager neither knew of any other employee nor of any other person who had such knowledge. However, simply because neither the manager nor the cashier knew of any employee with knowledge about the liquid and the manager did not know of any other person with such knowledge does not establish that there is no such employee or person. Because of that potentiality, defendant's evidence did not operate to shift the burden on summary judgment to plaintiff, and the Court of Appeals' contrary conclusion was error.

The decision of the Court of Appeals is reversed. The judgment of the circuit court is reversed, and the case is remanded to the circuit court for further proceedings.