Argued and submitted May 3, affirmed on appeal; cross-appeal dismissed as moot July 25, 2012, *rev den*, 353 Or 208 (2013)

CALIFORNIA CASUALTY INDEMNITY EXCHANGE,
a foreign corporation,
*Plaintiff-Appellant*
*Cross-Respondent,*

*v.*

FEDERATED MUTUAL INSURANCE COMPANY,
a foreign corporation,
*Defendant-Respondent*
*Cross-Appellant.*

Multnomah County Circuit Court
091116302; A147246

286 P3d 901

Ralph C. Spooner argued the cause for appellant-cross-respondent. With him on the briefs were Melissa J. Ward and Spooner & Much, P.C.

Andrew D. Glascock argued the cause for respondent-cross-appellant. With him on the brief was Hiefield Foster & Glascock, LLP.

Before Armstrong, Presiding Judge, and Brewer, Judge, and Duncan, Judge.

BREWER, J.

**BREWER, J.**

This is an action based on ORS 742.534, whereby plaintiff, an insurer that paid personal injury protection (PIP) benefits to its insured, seeks reimbursement for those payments from defendant, an insurer that provided motor vehicle liability coverage for the driver who negligently injured plaintiff's insured. Plaintiff appeals and defendant cross-appeals a judgment dismissing the action that the trial court entered after granting summary judgment for defendant on the ground that the parties' dispute was subject to interinsurer arbitration under ORS 742.534(3). We affirm on appeal and dismiss the cross-appeal as moot.

On November 28, 2007, plaintiff's insured, Soals, was injured in a motor vehicle accident between Soals's vehicle and a truck owned and operated by defendant's insured, McCoy Electric, Inc. (McCoy). Soals sustained serious injuries and incurred significant medical expenses and other economic damages in the accident.

At the time of the accident, plaintiff had issued a motor vehicle insurance policy to Soals and his wife that was in full force and effect. Under the terms of that policy, plaintiff paid its PIP medical payments policy limits of $100,000 on behalf of Soals. Plaintiff also paid property damage benefits on behalf of Soals. McCoy's vehicle was insured under a motor vehicle liability insurance policy issued by defendant that also was in full force and effect on the date of the subject accident. Both plaintiff and defendant are signatory members to the PIP intercompany reimbursement agreement. The intercompany reimbursement agreement requires that "[s]ignatory companies must forgo litigation and arbitrate all disputes arising from recovery rights created by the payment of claims or benefits under a [PIP] Statute or endorsement through Arbitration Forums, Inc." The procedural rules adopted by Arbitration Forums, Inc., provide that arbitration "should be filed within 180 days of payment to the claimant or the delay may be asserted as an affirmative defense if it can be shown to have caused prejudice to the party raising the defense."

On December 7, 2007, plaintiff provided defendant with notice that it was seeking reimbursement of insurance

benefits that it had paid on behalf of Soals. The parties dispute whether that notice included PIP benefits or whether it was limited to property damage payments. Soals's PIP benefits were exhausted on January 28, 2008. On November 11, 2008, defendant settled Soals's liability claim against McCoy and its driver, and those parties executed a full release of all claims between them, including claims for medical expenses. On June 18, 2009, plaintiff requested reimbursement from defendant of the PIP benefits that it had paid on behalf of Soals. Plaintiff has never filed for intercompany arbitration.

After defendant refused to reimburse plaintiff for those payments, plaintiff filed this action seeking reimbursement of PIP benefits based on ORS 742.534. The parties filed cross-motions for summary judgment, and the trial court granted summary judgment to defendant on the ground that plaintiff was required to arbitrate the parties' dispute. In addition, the trial court made the following findings of fact and conclusions of law: (1) interinsurer reimbursement remains available to plaintiff; (2) defendant received notice that plaintiff requested direct reimbursement of the PIP benefits; (3) the release between Soals and McCoy does not affect plaintiff's interinsurer reimbursement claim; and (4) the parties' dispute must be resolved through interinsurer arbitration with Arbitration Forums, Inc. Plaintiff appeals from the ensuing judgment dismissing this action.

On appeal, plaintiff asserts that the trial court erred in dismissing the action on the ground that the parties' dispute was subject to mandatory arbitration. Defendant cross-appeals on the ground that the trial court erred in making the first three findings of fact and conclusions of law set out above. The parties agree that we need not address defendant's cross-appeal unless we reverse on appeal. In reviewing the trial court's ruling on summary judgment, we view the record in the light most favorable to plaintiff, the party opposing the motion, to determine whether there is a genuine issue of material fact and whether defendant is entitled to judgment as a matter of law. ORCP 47 C; *Robinson v. Lamb's Wilsonville Thriftway*, 332 Or 453, 455, 31 P3d 421 (2001); *Jones v. General Motors Corp.*, 325 Or

404, 407-08, 939 P2d 608 (1997). For the reasons explained below, we affirm on appeal and dismiss the cross-appeal as moot.

The dispositive issue on appeal is whether ORS 742.534(3) requires the arbitration of the parties' dispute concerning the reimbursement of PIP benefits. When construing a statute, we examine the text of the statute in context, along with any relevant legislative history, to discern the legislature's intent. *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009). ORS 742.534 provides:

"(1) Except as provided in ORS 742.544, every authorized motor vehicle liability insurer whose insured is or would be held legally liable for damages for injuries sustained in a motor vehicle accident by a person for whom personal injury protection benefits have been furnished by another such insurer, or for whom benefits have been furnished by an authorized health insurer, shall reimburse such other insurer for the benefits it has so furnished if it has requested such reimbursement, has not given notice as provided in ORS 742.536 that it elects recovery by lien in accordance with that section and is entitled to reimbursement under this section by the terms of its policy. Reimbursement under this subsection, together with the amount paid to injured persons by the liability insurer, shall not exceed the limits of the policy issued by the insurer.

"(2) In calculating such reimbursement, the amount of benefits so furnished shall be diminished in proportion to the amount of negligence attributable to the person for whom benefits have been so furnished, and the reimbursement shall not exceed the amount of damages legally recoverable by the person.

"(3) Disputes between insurers as to such issues of liability and the amount of reimbursement required by this section shall be decided by arbitration.

"(4) Findings and awards made in such an arbitration proceeding are not admissible in any action at law or suit in equity.

"(5) If an insurer does not request reimbursement under this section for recovery of personal injury protection payments, then the insurer may only recover personal injury protection payments under the provisions of ORS 742.536 or 742.538."

ORS 742.534 is one of three statutes, including ORS 742.536 and ORS 742.538, that are the sources of authorization for PIP reimbursement. ORS 742.534, the "interinsurer reimbursement" statute, permits an insurer that has paid PIP benefits to an insured to seek reimbursement from the tortfeasor's insurer. The PIP provider must request reimbursement from the appropriate insurer and may not elect recovery by lien against the PIP insured. Alternatively, under ORS 742.536, the "lien" statute, a PIP provider may elect to recover PIP benefits by placing a lien on the PIP insured's recovery of damages from the tortfeasor's insurer. In that case, the PIP insurer must give notice of the lien against the insured to the insured and the tortfeasor. ORS 742.536(2). Otherwise, under ORS 742.538, the "subrogation" option, where recovery under ORS 742.534 is unavailable and where the insurer has not elected recovery by lien under ORS 742.536, the PIP insurer may request the PIP insured to take action to recover damages from the tortfeasor and take its reimbursement from the insured's recovery. ORS 742.538(4).

This action is based exclusively on ORS 742.534. That statute allows an insurer to recover its PIP payments if three conditions are met: (1) the PIP insurer is "entitled to reimbursement under this section by the terms of its policy"; (2) the PIP insurer has "not given notice as provided in ORS 742.536 that it elects recovery by lien in accordance with that section"; and (3) the PIP insurer "has requested such reimbursement." ORS 742.534(1); *State Farm Mutual Automobile Ins. Co. v. Hale*, 215 Or App 19, 27, 168 P3d 285 (2007).

Plaintiff contends that the trial court erred in dismissing the action because

"[t]he statute only requires arbitration in the event there is a dispute as to liability or the amount owed. 'Disputes between insurers as to such issues of liability and the amount of reimbursement required by this section shall be decided by arbitration.' ORS 752.534(3). The record before the court is clear that no dispute exists as to the liability of defendant's insured or the amount of the PIP benefits paid by plaintiff on behalf of its insured."

Plaintiff notes that defendant conceded in its answer to plaintiff's complaint in this action that its insured was negligent in causing the underlying accident and that, in her deposition, defendant's adjuster admitted that the PIP medical payments that plaintiff made were reasonable. From those concessions, plaintiff reasons:

> "ORS 742.534 would compel arbitration of a PIP reimbursement dispute when the parties dispute issues of liability or the amount of reimbursement. This case does not present any issues that would require arbitration *** Defendant does not dispute liability or the amount of the PIP benefits paid on behalf of plaintiff's insured. The insurance policy limits have not been exhausted. As such, plaintiff is entitled to reimbursement. No questions remain for an arbitrator to decide.

> "Additionally, the present case does not involve a dispute as to whom payment should be made. Defendant, on behalf of the at-fault party, already settled [Soals's] claim against the at-fault party. Plaintiff's claim in this matter is for direct interinsurer reimbursement. Plaintiff is the only party which could make such a claim. ORS 742.534 does not give an insured any right of recovery with respect to reimbursement of PIP benefits."

(Underscoring omitted.)

We disagree that the statutory language is so narrow. ORS 742.534(3) provides that "disputes between insurers as to such issues of liability and the amount of reimbursement required by this section shall be decided by arbitration." The statute does not provide that arbitration is only required when there is a dispute as to the tortfeasor's liability or the amount charged for medical services. Defendant asserts that, due to plaintiff's failure to timely request direct reimbursement or to file for intercompany arbitration, defendant already has reimbursed the medical expenses that plaintiff paid when it settled with Soals. As a result, the parties' dispute involves to whom defendant is required to pay the amount owed under the policy and therefore involves "the amount of reimbursement required by" ORS 742.534. Because the dispute involves "the amount of reimbursement required by this section," ORS 742.534(3) requires that it be decided by interinsurer arbitration.

That understanding is consistent with the legislative history of ORS 742.534(3). The text of that subsection has existed in its current form since 1975, when the legislature amended its predecessor statute to add subsection (3). Or Laws 1975, ch 784, § 6. The 1975 Legislative Commentary on Oregon Personal Injury Protection Benefits stated, in part:

> "A key principle of Oregon's PIP law is that the insurer of the negligent party should be the ultimate bearer of the accident injury expenses. Where the involved insurers are all authorized to do business in Oregon this can be accomplished through the inter-insurer reimbursement procedure provided by this section, with *mandatory arbitration of disputes.*"

House Business and Labor Affairs Committee, HB 3199, April 22, 1975, Ex H p 4 (emphasis added). There is no indication in the text, context, or legislative history of ORS 742.534 that the legislature intended to devise an interinsurer reimbursement scheme where some disputes would be subject to mandatory arbitration and others, by implied omission, could be litigated in a circuit court action. Stated differently, there is no reason to believe that, by enacting subsection (3) of the statute, the legislature intended to exclude from arbitration any potential dispute pertaining to interinsurer reimbursement of PIP benefits to which subsection (1) applied in the first instance.

If plaintiff's interpretation of the statute were correct, then an ill-defined class of interinsurer reimbursement disputes would fall outside the scope of subsection (3) and be subject to a different forum for resolution, despite the comprehensive statutory PIP reimbursement scheme that the legislature set out to create. Such a balkanized system would make no sense in light of the clear legislative intent to provide an arbitration remedy that covered the only two broad issues—that is, (1) the legal liability of the motor vehicle liability carrier's insured, and (2) the amount of any required PIP reimbursement—that fall within the scope of ORS 742.534(1) where the conditions for proceeding under that statute are satisfied. It follows that the trial court did

not err in granting summary judgment in defendant's favor and dismissing this action.

Affirmed on appeal; cross-appeal dismissed as moot.