Argued and submitted January 18, reversed and remanded February 20, 1991

### Charlotte CARR,
*Appellant,*

*v.*

### JEFFERSON FOODS, INC.,
dba Erickson's Sentry of Madras,
*Respondent.*

(89-CV-0042-33; CA A64778)

805 P2d 753

Richard L. Weil, Portland, argued the cause for appellant. With him on the brief was Robert M. Snee, Portland.

Ridgway K. Foley, Jr., Portland, argued the cause for respondent. With him on the brief was James P. Martin, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiff brought this negligence action, alleging that she was injured when she tripped over a stainless steel frame that obstructed an entry aisle at defendant's store. Defendant moved for summary judgment. The only evidence that it offered in support was an excerpt from plaintiff's deposition:

"Q: Okay. And, [you] apparently tripped over a wire basket; is that correct?

"A: I think so.

"Q: Okay. When you say you think so, does that mean you are not sure what happened?

"A: No, I am not.

"Q: Are you not sure how you fell?

"A: I know I fell flat but I, I tripped over something.

"Q: Okay. But you are not sure what it was?

"A: I think it was a, a frame they set baskets in or baskets themselves. I really don't know.

"* * * * *

"Q: Okay. Would it be fair to say that you didn't see this wire frame?

"A: You mean before I fell?

"Q: Right.

"A: I think that would be correct.

"Q: Okay. Can you tell me, well, do you know why you fell?

"A: No.

"* * * * *

"Q: Okay. Do you know if, if one of your, one of your feet got caught on the frame or, I guess I am just trying to find out exactly what you know about how you fell?

"A: I know very little about how I fell.

"Q: Okay.

"A: I know how I, how I landed, but I don't know.

"Q: You don't know how you fell at all?

"A: No."

Plaintiff offered no evidence. Defendant contended that its showing established that plaintiff could not prove the cause of her fall. The trial court agreed and granted the

motion. Plaintiff appeals from the resulting judgment and argues that defendant was not entitled to summary judgment "merely by submitting evidence that the plaintiff does not know how the accident in question happened." We agree. *Reed v. Jackson County,* 105 Or App 24, 803 P2d 1194 (1990).[1]

Plaintiff also argues that the excerpt from her deposition was presented to the court only as a quotation in defendant's "unsworn" memorandum in support of its motion, rather than in a form closer to the original, and that the trial court erred by considering that as evidence. Because the quoted parts of the deposition do not support the summary judgment, we need not decide whether plaintiff's second argument is correct. We address it only to note that we do not share defendant's view that *Henderson-Rubio v. May Dept. Stores,* 53 Or App 575, 632 P2d 1289 (1981), answers the point that plaintiff makes.

Reversed and remanded.

---

[1] We do not suggest by our conclusion that summary judgment would otherwise have been proper.