Argued and submitted May 8, judgment and order of Tax Court affirmed
December 4, 1992, reconsideration denied January 26, 1993

· John A. WELCH,
*Appellant,*

*v.*

WASHINGTON COUNTY
and Oregon Department of Revenue,
*Respondents.*

(OTC 3039; SC S38387)

· 842 P2d 793

Maurice L. Russell, of Churchill, Leonard, Brown, Lincoln, Lodine & Hendrie, Salem, argued the cause and filed the briefs for appellant.

Ted E. Barbera, Assistant Attorney General, Salem, argued the cause for respondents. With him on the briefs were Charles S. Crookham, Attorney General, and Robert A. Bianchi, Assistant County Counsel, Hillsboro.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Plaintiff appeals a summary judgment for defendants Washington County (county) and the Department of Revenue (department) concerning his property taxes for the tax years 1977-87. Plaintiff also appeals an order denying his motion for relief from the judgment in the same case. We affirm the Tax Court's judgment and order.

■ Plaintiff's "supplemental appeal" presents the preliminary question whether a tax court order denying a motion for relief from judgment is appealable. Tax Court Rule (TCR) 71 B(1) provides in part that:

"[t]he court may relieve a party * * * from a judgment for the following reasons: * * * (b) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial."

Under ORS 19.010(2)(c), this court may review "[a] final order affecting a substantial right, and made in a proceeding after judgment or decree." In *Waybrant v. Bernstein*, 294 Or 650, 654-55, 661 P2d 931 (1983), this court noted the well-established rule that the denial of a motion to set aside a judgment and grant a new trial is not appealable, but held that certain post-judgment orders are appealable if the judgment was entered as a result of "mistake, inadvertence, surprise, or excusable neglect," or if it is "void."[1] We now hold that an order denying a motion for relief from judgment based on "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial" is appealable. By definition, newly discovered evidence could not have been the subject of an earlier appeal. We, therefore, review both plaintiff's appeal of summary judgment and his "supplemental" appeal of the denial of his motion for relief from judgment.

---

[1] Where the motion is allowed, the rule differs. In *Lorentz Bruun Co. v. Execulodge Corp.*, 313 Or 600, 602, 835 P2d 901 (1992), this court held that an order setting aside a judgment is not appealable, because the controversy underlying the judgment entered as a result of mistake, inadvertence, surprise or excusable neglect has not yet been litigated to a final conclusion once the earlier judgment has been set aside. "Further proceedings are contemplated before the outcome of the case is determined." *Id.* at 604. On the other hand, denial of a motion to set aside a judgment leaves in place a judgment that determines the case.

Plaintiff is a landowner and real property taxpayer in Washington County. His tax assessments from 1977 to 1985 showed an increase in value of certain parcels from $187,000 to $657,000. Beginning in 1977, Chris Mejia, an employee of the county assessor's office, told plaintiff that the assessments were correct. Although Mejia advised plaintiff of his right to appeal to the Board of Equalization each time they spoke, plaintiff did not appeal. In 1985, plaintiff retained an appraiser, who valued one of the parcels at $136,000, whereas the county had valued it at $250,000. Mejia later told plaintiff that the appraiser did not know the local market and that the county stood by its valuation. In 1989, plaintiff learned that in 1977 and 1985 the county had conducted physical appraisals, but that in other years the increases had been based on sales ratio studies. When plaintiff asked Mejia about those studies, Mejia said, "I told them they were going to get in trouble."

In June 1990, plaintiff appealed the valuation of his properties for the years 1985-90, asking that the department reduce its assessed value. *See* ORS 306.115.[2] The appeal was

---

[2] ORS 306.115 provides:

"(1) The Department of Revenue shall exercise general supervision and control over the system of property taxation throughout the state. The department may do any act or give any order to any public officer or employee that the department deems necessary in the administration of the property tax laws so that all properties are taxed or are exempted from taxation according to the statutes and Constitutions of the State of Oregon and of the United States. Among other acts or orders deemed necessary by the department in exercising its supervisory powers, the department may order the correction of clerical errors, errors in valuation or the correction of any other kind of error or omission in an assessment or tax roll as provided under subsections (2) to (4) of this section.

"(2) The department may order a change or correction to the assessment or tax roll for the current tax year applicable to all real or personal property of the same class or in the same area if the order of the department is mailed not later that October 15 of the current tax year.

"(3) The department may order a change or correction applicable to a separate assessment of property to the assessment or tax roll for the current tax year and for either of the two tax years immediately preceding the current tax year if for the year to which the change or correction is applicable:

"(a) The assessor or taxpayer has no statutory right of appeal remaining and the department determines that good and sufficient cause exists for the failure by the assessor or taxpayer to pursue the statutory right of appeal; or

"(b) The department discovers other reason to correct the roll which, in its discretion, it deems necessary to conform the roll to applicable law without regard to any failure to exercise a right of appeal.

dismissed for lack of jurisdiction.[3] The 1988-90 valuations already were resolved by stipulation and are not involved in this appeal. Plaintiff then brought this action in the Tax Court for tax years 1977-87, claiming that (1) defendants had falsely represented that his property had been uniformly assessed and taxed in accordance with law, and (2) defendants knew that such representations were false or acted in reckless disregard of the truth. Plaintiff sought declaratory and injunctive relief, as well as attorney's fees, and equitable relief. Defendants moved for summary judgment, arguing that plaintiff had failed to exhaust his administrative remedies.[4] Plaintiff answered that defendants should be estopped from asserting that defense, because his failure to exhaust his administrative remedies was a result of their misrepresentations.

The Tax Court found that plaintiff had failed to exhaust his administrative remedies and that equitable

---

"(4) Before ordering a change or correction to the assessment or tax roll under subsection (3) of this section, the department may determine whether any of the conditions specified in subsection (3) of this section exist in a particular case. If the department determines that one of the conditions specified does exist, the department shall hold a hearing to determine whether to order a change or correction in the roll.

"(5) For purposes of this section, 'current tax year' means the tax year in which the need for the change or correction is brought to the attention of the department.

"(6) The remedies provided under this section are in addition to all other remedies provided by law."

[3] The department lacked jurisdiction over the appeals for 1985-86 to 1987-88 because the limitations period of ORS 306.115(3) provides in part that, under certain circumstances, the department "may order a change or correction * * * for the current tax year and for either of the two tax years immediately preceding the current tax year * * *." Plaintiff's claims involved earlier years.

[4] In support of their motion, defendants provided an affidavit from Larry Strong, the Appraisal Division Manager of the county Department of Assessment and Taxation, stating that there were no apparent errors in the sales ratio studies from 1976 through 1987 and that Duncan, who performed those studies, was a certified appraiser. Defendants also provided an affidavit from Mejia, who denied plaintiff's allegations that he had told plaintiff that his appraiser's valuation was incorrect, that he had said that he knew the state's ratio studies would "get [the county] into trouble," or that Duncan was not a certified appraiser (as claimed in plaintiff's affidavit). For purposes of this review, we accept plaintiff's assertion that the statements attributed to Mejia were made. We conclude that whether Duncan was a certified appraiser is irrelevant to this appeal, as there is no assertion that Duncan misled plaintiff about his taxes.

estoppel did not apply, because plaintiff's reliance was not reasonable. The court further found that plaintiff had a responsibility to investigate and challenge the validity of any assessments that he believed were too high. Accordingly, the court granted summary judgment to defendants.

Plaintiff appealed to this court, but then moved in the Tax Court for relief from the summary judgment, citing TCR 71 B(1) (newly discovered evidence). The newly discovered evidence on which plaintiff relied was an inter-office memorandum dated November 23, 1988, from Barbara Swanson, the department's assessment analysis manager in Salem, to Bob Fast, the department's regional office manager in Hillsboro, with a copy to the county. The memorandum identified two "problems" with the county's preliminary ratio report from November 1988, but concluded that "neither is a big enough problem to merit mention in our letter to the [county Board of Equalization]." The two problems identified by Swanson were (1) that prior year sales data were used in a class in one area, but not in another, and (2) that one of the appraisal ratio studies did not include an adequate sample. On November 23, 1988, the department notified the county Board of Equalization that the county's preliminary ratio study met statutory requirements. In his motion, plaintiff asserts that he could not have discovered the memorandum in time to move for a new trial, because it was not turned over to him during discovery.

With his TCR 71 B motion, plaintiff included an affidavit stating that he had sought discovery from defendants but had received no response, that his discovery efforts were frustrated by the summary judgment,[5] and that he had obtained the memorandum later through a public records request. He then made his own calculations and determined that, because of the "problems" mentioned in the memorandum, his assessments for 1988-89 were too high.[6] Plaintiff

---

[5] TCR 46 allows a party to move to compel discovery if a party has failed to respond to a discovery request, or if there has been an evasive or incomplete answer. TCR 47 F provides in part that when a party has not completed discovery after a motion for summary judgment, the court "may order a continuance to permit * * * discovery to be had * * *." The record does not indicate that plaintiff took advantage of those rules.

[6] The record on appeal does not contain the sales analysis data, the ratio report, plaintiff's calculations, or his discovery requests.

argued that the memorandum supports an inference that the county and the department suppressed information about deficiencies in the county's assessment process in order to discourage taxpayers from contesting the assessments.

The Tax Court concluded that plaintiff's newly discovered evidence did not merit relief from judgment, because, even if it showed intentional misrepresentation, a property owner and a tax assessor are in adverse positions, and Oregon's property tax system requires the owner to make independent decisions as to the accuracy of an assessment. Accordingly, the court denied plaintiff's motion. Plaintiff then appealed that order to this court. He contends that the Tax Court erred in holding as a matter of law that his reliance on the assessor was not reasonable, in granting summary judgment, and in holding that evidence of defendant's intentional misrepresentation of the value of his property was irrelevant to his TCR 71 B motion.

The Tax Court is a court of general jurisdiction with full equitable powers and jurisdiction to grant equitable relief in cases arising under this state's tax laws. ORS 305.405; ORS 305.410. This court is the sole reviewing court for judgments and final orders of the Tax Court. ORS 305.445. This court hears tax appeals "anew upon the record," but does not go beyond the record for evidence on methods of appraisal. *Oregon Broadcasting Co. v. Dept. of Rev.*, 287 Or 267, 273, 598 P2d 689, *opinion clarified, reh'g den* 287 Or 499, 601 P2d 473 (1979).

Summary judgment may be granted only where there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. On review, we view the facts in the light most favorable to the non-moving party. *ESCO Corp. v. Dept. of Rev.*, 307 Or 639, 641, 772 P2d 413 (1989). We draw all inferences from the facts in favor of the non-moving party. *Yartzoff v. Democrat-Herald Publishing Co.*, 281 Or 651, 655, 576 P2d 356 (1978).

Plaintiff points to a number of facts and inferences that he believes are binding on this court in reviewing the Tax Court's grant of summary judgment. He argues that it is reasonable to infer from his evidence that the county lied to him. We disagree.

Plaintiff's affidavit states in part:

"Each year [defendants] assured me that the assessed value represented an accurate statement of the value of the property. In fact, Chris Mejia, a representative of the Assessor's office, told me that he had reviewed my assessment, and that the County had the evidence needed to prove that the stated value was correct.

"* * * * *

"* * * Mr. Mejia informed me that [my appraiser] was incorrect, was a Portland appraiser who did not know the local market, and that the County stood by its valuation.

"* * * * *

"* * * When I showed him the copies of the ratio studies I had received, [Mejia] said 'I told them they were going to get in trouble.' "

This court's duty to view the facts in the light most favorable to plaintiff and to draw inferences from facts favorable to plaintiff does not mean that we must accept any inference that plaintiff believes his evidence might support, no matter how unreasonable or unlikely. We must only accept any inference that his evidence does support.[7]

■   The record here does not contain any data regarding the appraisal methods used by the county, but only plaintiff's bare conclusory assertions that the methods used were improper and that defendants knew that, yet tried to prevent him from appealing. The issue before us is not whether plaintiff's properties were overvalued, but whether plaintiff's claims are time-barred. Thus, we view the evidence, not to determine if the assessments were correct, but to determine whether defendants made a misrepresentation to plaintiff. We conclude that plaintiff's evidence does not support an inference of misrepresentation.

■   On appeal of the Tax Court's denial of his TCR 71 B motion, plaintiff asserts that he sought discovery from defendants that should have produced Swanson's 1988 memorandum. He infers from the existence of the memorandum, and

---

[7] In *Reynolds Metals Co. v. State Tax. Com.*, 227 Or 467, 472, 362 P2d 705 (1961), this court stated that it "presumes until proven otherwise that the taxing authorities have complied with the law, and that all property in the same class and district had been assessed uniformly and ratably."

from the fact that he did not receive it during discovery, that defendants had a practice of misrepresenting the correctness of the assessment procedure. However, because no discovery requests are part of the record, we are unable to infer that Swanson's memorandum was withheld from plaintiff.[8]

Plaintiff also included with his supplemental appeal a letter that he received in 1989 from Jerry R. Hanson, Director of the Department of Taxation for Washington County. Plaintiff's supplemental affidavit states in part:

"* * * Mr. Hanson made two statements which were not correct.

"First, he stated, in response to my request for information concerning sales confirmations made during 1978 and 1979, that 'Unfortunately, we have not retained any confirmations prior to 1985.' This was not true. I am now in possession of sales confirmations for those particular years which I received in the course of discovery.[9]

"Second, Mr. Hanson stated, 'I have reviewed the ratio studies in question and I would like to reassure you that the analysis is appropriate under the circumstances.' "

This letter was not "newly discovered evidence" and therefore could not support relief from judgment under TCR 71 B. Moreover, the letter does not create an inference of misrepresentation.

Based on the foregoing record, we conclude that no material facts are in dispute, and that the supplemental appeal added no new evidence helpful to plaintiff's claim.

The elements of equitable estoppel are:

"[T]here must (1) be a false representation; (2) it must be made with knowledge of the facts; (3) the other party must have been ignorant of the truth; (4) it must have been made with the intention that it should be acted upon by the other party; (5) the other party must have been induced to act upon it[.]" *Coos County v. State of Oregon*, 303 Or 173, 180-81, 734

---

[8] Furthermore, any errors contained in the 1988 preliminary ratio study are not relevant, because such errors could relate only to taxes assessed after November 1988, and this appeal concerns only plaintiff's taxes through 1987.

[9] The "sales confirmations" are not included with the affidavit and are not part of the record on appeal.

P2d 1348 (1987), quoting *Oregon v. Portland Gen. Elec. Co.*, 52 Or 502, 528, 95 P 722 (1908).

Generally, a "misrepresentation must be one of existing material fact, and not of intention, nor may it be a conclusion from facts or a conclusion of law." *Coos County v. State of Oregon, supra,* 303 Or at 181. A party claiming estoppel must show reliance and "a right to rely upon the representation of the estopped party." *Id.,* citing *Marshall v. Wilson,* 175 Or 506, 518, 154 P2d 547 (1944); *see Fred Messerle & Sons, Inc. v. Dept. of Rev.,* 8 OTR 413 (1980) (estoppel is a defense only if the required element of reliance is reasonable).

This court has limited the application of equitable estoppel in tax cases.

"The policy of efficient and effective tax collection makes the doctrine of rare application. It could only be applied when there is proof positive that the collector has misinformed the individual taxpayer and the taxpayer has a particularly valid reason for relying on the misinformation and that it would be inequitable to a high degree to compel the taxpayer to conform to the true requirement." *Johnson v. Tax Commission,* 248 Or 460, 463-64, 435 P2d 302 (1967).

*See Bohemia Lumber v. Haley,* 252 Or 349, 351, 449 P2d 443 (1969) ("Tax law is notoriously impervious to the claims of equity"); *Harris v. Commission,* 3 OTR 440 (1969) (estoppel against taxing authorities should be applied only in rare instances).

In *Johnson v. Tax Commission, supra,* 248 Or at 462-64, this court applied estoppel where the assessor had provided forms to the taxpayer that stated the incorrect filing deadline and, as a result, the taxpayer filed the forms late. Since the decision in *Johnson,* there have been a number of equitable estoppel tax claims, and relief has been granted most often in situations where the taxpayer had been misled regarding a filing or appeal requirement. *See, e.g., Pilgrim Turkey Packers v. Dept. of Rev.,* 261 Or 305, 493 P2d 1372 (1972) (taxpayer reasonably relied on word of defendant regarding where to file form, and instructions on form were ambiguous); *Hinson v. Dept. of Rev.,* 7 OTR 397, 405 (1978) (estoppel applied where assessor misled taxpayer to believe that further dealings with assessor, rather than appeal, would alter assessment). We have found no Oregon case that

allows equitable relief under facts such as those asserted here by plaintiff.[10]

■     Plaintiff has not presented facts that show reasonable reliance on misrepresentations. Mejia's statement that the county had data to back up its assessments and his statement that he "told them they were going to get into trouble," at most, were "a conclusion from facts or a conclusion of law." *Coos County v. State of Oregon, supra*, 303 Or at 181. As such, they were not a basis for a claim of equitable estoppel. Mejia's statements regarding plaintiff's appraiser were opinions and, similarly, they were not a basis for a claim of equitable estoppel. The fact that Mejia regularly told plaintiff that he had a right to appeal to the Board of Equalization does not support plaintiff's inference that Mejia was trying to discourage him from appealing. This does not amount to "proof positive" that plaintiff was "misinformed" by Mejia. *Johnson v. Tax Commission, supra*, 248 Or at 463.

Regarding the contents of plaintiff's letter from Hansen, the statement that the analysis was "appropriate under the circumstances" is an opinion. Plaintiff's assertion that Hanson misinformed him that certain data had not been retained is not supported in the record. We therefore do not consider it.

■     Even if we were to infer misrepresentation from these facts, plaintiff must still prove that he had a right to rely and reasonably relied on the county's valuations. *Coos County v. State of Oregon, supra*, 303 Or at 181. We agree with the Tax Court that "the highly subjective nature of the appraisal process, requiring judgment values of the appraiser step by step[,]" makes a tax assessment more closely akin to an opinion or a conclusion than a fact in itself. *Price v. Dept. of Rev.*, 7 OTR 18, 26 (1977) (each of the "accepted" approaches to value must be used with care and understanding — and experience is a great teacher). As such, we hold that a tax assessment itself can not be the basis for an equitable estoppel claim, in the absence of misrepresentations *of fact*.

---

[10] *See generally*, Annotation: "Estoppel of State or Local Government in Tax Matters," 21 ALR 4th 573, §§ 29-30 (1983) (summarizing various states' approaches to estoppel where a taxpayer has failed to file a timely appeal).

Taxpayers have a duty "to keep themselves informed about the recurrent liability of their property for taxes." *Knapp v. Josephine County*, 192 Or 327, 353, 235 P2d 564 (1951). Moreover, "[t]axpayers, not the Department, have responsibility for keeping track of their property's value." *ESCO Corp. v. Dept. of Rev., supra*, 307 Or at 647. Each "taxpayer has a duty to make a timely inspection of each year's valuation. * * * The prudent taxpayer does not take official conclusions as to tax values on faith * * *." *Rosboro Lbr. Co. v. Heine*, 8 OTR 221, 225 (1979), *aff'd* 289 Or 909, 618 P2d 960 (1980). We conclude that a taxpayer does not have a "right to rely" on an assessor's valuation, in the absence of misrepresentation *of fact*.

■ In summary, the facts, taken in the light most favorable to plaintiff, fail to show grounds for equitable estoppel. Before bringing an action in the Tax Court, a taxpayer must exhaust his or her administrative remedies. Here, it is undisputed that plaintiff failed to do so. A " 'taxpayer who does not exhaust the remedy provided before an administrative board to secure the correct assessment of a tax, cannot thereafter be heard by a judicial tribunal to assert its invalidity.' " *Dennehy v. Dept. of Rev.*, 295 Or 574, 579, 668 P2d 1210 (1983), quoting *Gorham Mfg. Co. v. Tax Comm.*, 266 US 265, 269-70, 45 S Ct 80, 69 L Ed 279 (1924). Exhaustion of remedies in this context includes a timely appeal to Board of Equalization. *Ebert v. Dept. of Rev.*, 307 Or 649, 652, 771 P2d 1018 (1989). Plaintiff's failure to exhaust administrative remedies by filing timely appeals from his 1977-87 tax assessments precludes him from relief here.

The judgment of the Tax Court is affirmed. The order of the Tax Court denying relief from judgment is affirmed.