Argued and submitted February 16, affirmed May 10, 1995

Gerald E. FLINT,
by and through
Renee B. Flint,
Personal Representative
of his Estate,
*Plaintiff,*

*v.*

PORTLAND PIZZA
DELIVERY NO. 8, INC.,
an Oregon corporation;
Pizza Hut of Oregon, Inc.,
an Oregon corporation;
Pizza Huts of Portland, Inc.,
an Oregon corporation; and
Coulter Enterprises, Inc.,
a Nevada corporation,
*Defendants.*

PORTLAND PIZZA
DELIVERY NO. 8, INC.,
an Oregon corporation;
Pizza Huts of Portland, Inc.,
an Oregon corporation;
and Coulter Enterprises, Inc.,
a Nevada corporation,
*Appellants,*
*and*

PIZZA HUT OF OREGON, INC.,
an Oregon corporation,
*Third-Party Plaintiff,*

*v.*

David and Judy NORRIS,
individuals,
*Respondents,*
*and*

CITY OF PORTLAND,
a municipal corporation,
*Third-Party Defendant.*

(9304-02508; CA A83859)

895 P2d 313

Janet M. Schroer argued the cause for appellants. With her on the briefs were Mary K. VanderWeele and Hoffman, Hart & Wagner.

Thomas M. Christ argued the cause for respondents. With him on the brief was Mitchell, Lang & Smith.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P. J.

## WARREN, P. J.

In this third-party action for contribution, third-party plaintiffs appeal from a summary judgment for third-party defendants. We affirm.

A driver employed by third-party plaintiff Portland Pizza Delivery No. 8 struck Flint's car and fatally injured him. Flint's estate brought an action for wrongful death against third-party plaintiffs (plaintiffs). In turn, they brought this action for indemnity against third-party defendants David and Judy Norris (defendants),[1] who own property adjacent to a corner of the intersection where the accident occurred. A hedge on defendants' property parallels two sides of the intersection. Plaintiffs alleged that defendants failed to maintain the hedge adequately and that it obstructed the driver's vision at and around the intersection.

Defendants moved for summary judgment, asserting that there was no material issue of fact about whether their alleged negligence in failing to maintain the hedge contributed to the accident. The trial court granted the motion and entered judgment.

Plaintiffs assign error to the summary judgment. Their first argument is that the affidavit of their attorney, which said that plaintiffs had retained an expert whose testimony would create a genuine issue of fact about the allegations in the third-party complaint, is sufficient to defeat summary judgment. *See* ORCP 47 E. We disagree.

About two weeks after the accident, the driver gave a statement about the accident. After being questioned about the first time the driver noticed Flint, the statement continued:

"Q.  So each of you were about 30 feet from entering your part of the intersection?

"A.  Yes.

"Q.  Were his headlights on?

"A.  I didn't notice.

---

[1] Third-party plaintiffs also asserted a claim for contribution against the City of Portland; the city is not a party to this appeal.

"Q. Was anything blocking your vision of [Flint's] vehicle?

"A. No sir."

Later, the driver gave a deposition about the accident in which she testified that she could not recall whether she looked left, right or straight ahead as she approached the intersection, or whether anything blocked her view of the intersection. There is no other evidence about whether the hedge contributed to the accident.

Plaintiffs, citing *Carr v. Jefferson Foods, Inc.*, 106 Or App 12, 805 P2d 753 (1991), argue that the driver's lack of memory about the accident is insufficient to support summary judgment. The pertinent portion of our decision in *Carr* was based wholly on *Reed v. Jackson County*, 105 Or App 24, 803 P2d 1194 (1990), *rev den* 311 Or 261 (1991). Accordingly, the issue is whether that case applies here.

In *Reed*, the plaintiff was a passenger in a county shuttle bus that took patrons to the county fairgrounds. To avoid traffic congestion, the shuttle driver allowed passengers to disembark on a county road a short distance from the fairgrounds entrance. The plaintiff injured herself on a bent reflector post during her walk towards the entrance. She brought an action for negligence against the county. It moved for summary judgment, which the trial court granted. On appeal, one of the county's arguments was that it did not need to produce any affirmative evidence to negate its alleged negligence, because it said that the plaintiff could not prove an essential element of her claim at the time of the summary judgment proceeding. We disagreed, and said:

"[A] defendant may [not] obtain a summary judgment merely by showing the plaintiff's current lack of proof of an essential fact that it might ultimately have to prove at trial, *if the defendant produces no evidence tending to prove the nonexistence of the fact.*" 105 Or App at 31-32. (Emphasis supplied.)

That is not the case here. Defendants produced at least some evidence that tends to prove that there was no causal connection between their hedge and the accident. That evidence suggests that the driver either failed to look towards

the hedge as she approached the intersection, or that the hedge did not block her view.

Plaintiffs assert that their ORCP 47 E affidavit rebuts that evidence. They argue that, under *Dyer v. R.E. Christiansen Trucking, Inc.*, 318 Or 391, 868 P2d 1325 (1994), their expert could create a genuine issue of fact about causation, because he would testify about "the manner in which the hedge affected vehicles approaching the intersection." Plaintiffs' reliance on *Dyer* is unavailing, because even if their expert would testify about some tendency of the hedge to obstruct motorists' vision, that would not rebut defendants' evidence that it did not block *this* driver's view of Flint, or resolve whether she looked in the direction of the hedge.[2] *See Simpson v. Hillman*, 163 Or 357, 364, 97 P2d 527 (1940); *Dubry v. Safeway Stores, Inc.*, 70 Or App 183, 186-87, 689 P2d 319 (1984), *rev den* 298 Or 470 (1985). Plaintiffs' remaining arguments do not require discussion.

We conclude that summary judgment was appropriate, because plaintiffs did not rebut defendants' evidence, which tends to prove that defendants' hedge did not obstruct the driver's view of the intersection. *See Reed*, 105 Or App at 32. Defendants are entitled to judgment as a matter of law. ORCP 47; *Seeborg v. General Motors Corporation*, 284 Or 695, 699, 588 P2d 1100 (1978).

Affirmed.

---

[2] Plaintiffs also argue that the deposition of a City of Portland engineer provides evidence that the hedge contributed to the accident. We reject that argument, because it incorrectly characterizes the engineer's testimony.