Argued and submitted December 21, 2006, affirmed May 2, 2007

Sherry O'DEE,
*Plaintiff-Appellant,*

*v.*

TRI-COUNTY METROPOLITAN TRANSPORTATION
DISTRICT OF OREGON,
dba Tri-Met,
a municipal corporation,
*Defendant-Respondent.*

Multnomah County Circuit Court
040706905; A130617

157 P3d 1272

Daniel J. Snyder argued the cause and filed the briefs for appellant.

Jana Toran argued the cause for respondent. On the brief was Keith M. Garza.

Before Armstrong, Presiding Judge, and Schuman and Rosenblum, Judges.

457-a

SCHUMAN, J.

## SCHUMAN, J.

Plaintiff alleged that she sustained injuries when the bus on which she was riding swerved twice and then braked abruptly, throwing her to the floor. She brought this action against defendant Tri-County Metropolitan Transportation District of Oregon, the owner and operator of the bus. The trial court granted defendant's motion for summary judgment and subsequently entered judgment against plaintiff. On appeal, plaintiff raises three assignments of error. First, she argues that the summary judgment record contained sufficient evidence from which a reasonable juror could find that defendant was negligent. Second, she argues that the trial court erred "in granting summary judgment to defendant when the defendant produced no evidence." Finally, she argues that the court erred in not holding defendant to the high standard of conduct required of common carriers. We affirm.

Because the trial court granted defendant's motion for summary judgment, we state the facts in the light most favorable to plaintiff and draw all reasonable inferences in her favor. ORCP 47 C; *Jones v. General Motors Corp.*, 325 Or 404, 420, 939 P2d 608 (1997). On August 15, 2002, plaintiff boarded one of defendant's busses at 74th Avenue and Glisan in Portland, heading toward the city center. Plaintiff recognized the driver because she was a regular passenger and he was the regular driver. As the bus approached plaintiff's stop traveling approximately 10 to 15 miles per hour—a speed that the parties agree was appropriate in the circumstances—plaintiff rose in anticipation of deboarding. The bus suddenly swerved to the left toward oncoming traffic to avoid what was probably a bicyclist entering the street from the sidewalk; as a result, plaintiff was thrown to the floor. As she was picking herself up, the bus swerved again, this time to the right, and came to an abrupt stop. Plaintiff avoided a second fall, but stated that, when the bus swerved the second time, "I felt like I was separated at the waist, and I felt like something tore in my thigh. And it really hurt."

After the driver stopped the bus, plaintiff approached him and said, "You know you almost broke my

back." He replied, "Yeah." Because plaintiff did not see what caused the driver to swerve the bus, she asked what had happened. The driver responded that he had swerved to avoid "someone [who] rode out in front of me." Plaintiff requested a claim form, but, for reasons that the record does not reveal, the driver did not give her one. She got off the bus without obtaining any additional information and without learning the names of any witnesses.

The next day, plaintiff called defendant to report the incident. David Morgan, one of defendant's claims adjusters, interviewed her. He told her that he would obtain the video from the bus to examine the incident and that her claim would be handled by another of defendant's employees, Morehead. A few weeks later, Morehead sent plaintiff a claim report, which she completed and returned to defendant.

A month passed before Morehead contacted plaintiff again. At that time, he informed her that he had contacted the bus driver, who had reported that a bicycle rider had appeared in front of the bus. Plaintiff asked about the video, and Morehead told her that he had obtained it. Shortly after this conversation, however, plaintiff received a letter from defendant stating that Morehead had reviewed the video and concluded that, due apparently to a malfunction, it did not contain any images and, for that reason, had been "reformatted" for reuse.

Approximately two years after the incident, plaintiff filed this action. She then attempted to depose the bus driver. Defendant presented Ballard as the driver, but plaintiff testified that he was not the driver on the day of the incident. Defendant then presented Grandstaff as the driver; plaintiff maintains that he was not the driver either. Defendant has not yet produced a driver whom plaintiff identifies as the one operating the bus on the day of the accident.

As noted above, defendant moved for summary judgment, and the trial court granted the motion. The court's order explains:

"Based on the evidence presented, reasonable jurors could find that the driver of the bus in which plaintiff was riding swerved left unexpectedly, then swerved back right,

then slammed on the brakes, all in reaction to someone 'rolling' into the path of the bus—whether on a bike, on roller skates, or in a wheelchair, it's not clear. The jurors could also find that these sudden maneuvers caused plaintiff to fall and sustain the injuries of which she now complains. But the jurors could not find—not without resort to guesswork and speculation—that the driver's reaction was unreasonable in view of the hazard he encountered.

"The problem is, no one can describe the exact nature of the hazard. Nor how suddenly it appeared. Plaintiff didn't see what happened. And the driver doesn't remember.

"The maneuvers themselves tell us nothing. There may have been obstacles to the left—such as oncoming cars—that required the swerve right after the initial swerve left. And there may have been obstacles ahead—such as a stopped car—that required the sudden stop after the swerve right. No one knows—at least, no one before the court knows.

"In sum, there is no evidence to support a finding that the driver reacted unreasonably in view of the hazard confronted. For all we know, his actions were heroic, under the circumstances. Accordingly, there is no evidence to support a finding that the driver was negligent. On that basis, defendant is entitled to summary judgment."

We agree.[1]

On appeal, we will affirm the trial court's judgment if we agree that "there is no genuine issue as to any material fact and the moving party [was] entitled to a judgment as a matter of law." *Robinson v. Lamb's Wilsonville Thriftway*, 332 Or 453, 455, 31 P3d 421 (2001); *accord* ORCP 47 C. No issue of material fact exists if, viewing the testimony in the light most favorable to the nonmoving party—here, plaintiff—"no objectively reasonable juror could return a verdict for the adverse party on the matter that is the subject of the motion for summary judgment." ORCP 47 C. Because plaintiff would have the burden at trial of producing evidence of

---

[1] The court also noted, "There is some evidence of missteps in defendant's claim-handling, which is disturbing to see in a public agency." The court concluded, however, that these "missteps" did not bear on the question whether defendant was negligent. We agree with both aspects of this note: there is evidence of disturbing claim-handling, but it is not relevant to the issues in this case.

defendant's alleged negligence, she has the burden of producing evidence on that issue on summary judgment; that means that she must come forward with specific facts demonstrating a genuine issue for trial. *Davis v. County of Clackamas*, 205 Or App 387, 393-94, 134 P3d 1090, *rev den*, 341 Or 244 (2006).

■ Plaintiff first asserts that the court erred in concluding that she presented "no evidence to support a finding that the driver was negligent." Defendant is a common carrier; therefore, it "owes its passengers the highest degree of care and skill practicable for it to exercise." *Simpson v. The Gray Line Co.*, 226 Or 71, 76, 358 P2d 516 (1961). To defeat defendant's summary judgment motion, then, plaintiff had to produce evidence sufficient to permit a rational juror to conclude that defendant's employee failed to exercise that high duty of care. Plaintiff maintains that a juror could find the bus driver failed to do so based on the facts that he swerved and then braked hard.

■■ However, the bare fact that a bus driver who was approaching an intersection in a busy part of Portland did not anticipate a bicyclist early enough to avoid having to swerve does not mean that the driver was negligent. As the Supreme Court has stated,

> "no person need anticipate negligence on the part of any other person, and a motor vehicle operator may at all times assume *until he has notice to the contrary, or until by the exercise of due care on his part he should and would have known to the contrary*, that other persons using the highway will exercise due care and obey the law, and to act accordingly."

*Walker v. Penner*, 190 Or 542, 556, 227 P2d 316 (1951) (emphasis in original).

Moreover, because there is no evidence about the location of the bicyclist, his or her speed, the existence of other distractions, the driver's condition, or any other relevant facts, a jury would have no way of knowing whether any reasonable driver would have been able to react in a manner that would not have caused plaintiff to fall. Without any such evidence, a finding that the driver failed to exercise the requisite degree of care would be pure speculation, and, as the

Supreme Court has stated, "[i]t is * * * fundamental that negligence cannot be predicated upon mere conjecture, guesswork, or speculation." *Simpson v. Hillman*, 163 Or 357, 363, 97 P2d 527 (1940).

Plaintiff also argues that the bus driver breached the applicable duty of care when he swerved back to the right after the initial swerve to the left. However, plaintiff stated on the claim report that "the driver swerved to the left to avoid hitting someone, then swerve[d] right to avoid hitting vehicles to the left, then slammed on the br[ake]." Given the complete lack of evidence of where other vehicles were located, a juror would have no reason to believe that the driver acted negligently in swerving back to the right to return the bus to the lane in which it had been traveling.

Plaintiff relies on *Reed v. Jackson County*, 105 Or App 24, 803 P2d 1194 (1990), *rev den*, 311 Or 261 (1991), and *Carr v. Jefferson Foods, Inc.*, 106 Or App 12, 805 P2d 753 (1991), cases in which this court held that the defendants were not entitled to summary judgment merely because the plaintiffs could not present facts showing negligence. In *Reed*, the plaintiff cut her foot on a jagged reflector while walking on county property. 105 Or App at 26. She brought an action against the county, alleging that it was negligent in failing to warn invitees of the dangerous condition. The county argued that it was entitled to summary judgment because the plaintiff had not presented any evidence demonstrating that it knew or should have known about the jagged reflector. *Id.* at 28. The trial court granted the county's motion for summary judgment, but this court reversed. We explained:

> "In the usual case, such as this one, a defendant is not entitled to summary judgment on a bare showing that the plaintiff cannot prove negligence through the testimony of the particular witness or witnesses whom the defendant happens to have deposed."

105 Or App at 32.

In *Carr*, the plaintiff brought a negligence action against a store, alleging that she was injured when she tripped over a steel frame in one of the aisles. She did not

know how she fell, nor could she relate specific facts about the object that had caused her to trip. Based on *Reed*, however, the court held that the defendant was not entitled to summary judgment merely because the plaintiff did not know how the accident in question had happened. *Carr*, 106 Or App at 14-15.

Both *Reed* and *Carr* are distinguishable from this case. Most significantly, both of those cases were decided under the former summary judgment standard, which did not allocate any burden of proof to the plaintiff as non-movant. *See Davis*, 205 Or App at 393-94. However, since the summary judgment standard was amended in 1999, the non-movant has the burden of offering admissible evidence to create a genuine issue of material fact "on any issue raised in the motion as to which the adverse party would have the burden of persuasion at trial." ORCP 47 C; *accord Davis*, 205 Or App 393-94. The onus of evidentiary default in this case therefore falls on plaintiff.

Further, unlike the defendants in *Reed* and *Carr*, defendant here has not tried to prevail simply by saying that it does not know anything about the cause of the accident. Defendant claims and plaintiff stipulates that the bus driver swerved to avoid hitting a bicyclist. The unknown information is whether the bus driver's reaction to the bicyclist was reasonable. Plaintiff was unable to present any facts that by themselves or by their reasonable inferences could cause a reasonable juror to find the bus driver failed to meet the applicable standard of care. Under the current rules of civil procedure, plaintiff failed to defeat defendant's summary judgment motion.

In her second assignment of error, plaintiff argues that "the court erred in granting summary judgment to defendant when the defendant produced no evidence." The argument under this assignment focuses on defendant's failure to produce a person whom plaintiff could identify as the bus driver and who would presumably have offered evidence favorable to plaintiff, when defendant clearly had more power to do so than plaintiff. However, plaintiff did not argue to the trial court that defendant was in violation of any statute or rule governing discovery, and, indeed, plaintiff makes

no such argument on appeal. Nor does anything in the record state or imply that defendant intentionally withheld evidence. And, as discussed above, plaintiff, not defendant, had the duty of producing evidence of negligence.

■      Finally, plaintiff argues that the court erred in not applying the standard of care required of common carriers. Contrary to the mandate of ORAP 5.45(3), this assignment of error does not "identify precisely the legal, procedural, factual, or other ruling that is being challenged." Our own examination of the record yields no indication that the court did *not* apply the common carrier standard. And because the basis of the court's ruling on defendant's motion was that plaintiff produced no evidence of *any* negligence, the precise level of defendant's obligation—the generic obligation to avoid unreasonable risk of foreseeable harm, or a heightened obligation as a common carrier—is not relevant in any event.

Affirmed.