Argued and submitted August 6, 2009, reversed and remanded May 12, 2010

John Paul BREHM
and Mishel Louise Brehm,
husband and wife,
*Plaintiffs-Appellants,*

*v.*

CATERPILLAR, INC.,
a foreign corporation;
Pape Bros, Inc.,
an Oregon corporation;
Star Group, Inc.,
an Oregon corporation;
Linden-Wilson Truck & Equipment, LLC,
an Oregon corporation,
*Defendants,*

*and*

COPELAND SAND & GRAVEL, INC.,
an Oregon corporation,
*Defendant-Respondent.*

Multnomah County Circuit Court
050403737; A134390

231 P3d 797

Robert K. Udziela argued the cause and filed the briefs for appellants.

Michael T. Stone argued the cause and filed the brief for respondent.

Before Wollheim, Presiding Judge, and Brewer, Chief Judge, and Sercombe, Judge.*

WOLLHEIM, P. J.

---

* Brewer, C. J., *vice* Edmonds, P. J.

## WOLLHEIM, P. J.

Plaintiffs, John Brehm (Brehm) and his wife, Mishel Brehm, appeal a limited judgment dismissing with prejudice their negligence, Oregon Employer Liability Law, and loss of consortium claims against defendant Copeland Sand & Gravel, Inc.[1] They assign error to the trial court's granting of defendant's motion for summary judgment on the ground that plaintiffs' claims were barred by the exclusive liability provision of the workers' compensation law. *See* ORS 656.018(1)(a). According to plaintiffs, there are genuine issues of material fact that preclude summary judgment. In addition, they contend that, as a matter of law, Brehm was not defendant's subject worker for purposes of workers' compensation and, therefore, ORS 656.018 does not bar their claims. We reverse and remand.

We state the facts in the light most favorable to plaintiffs, the nonmoving parties on summary judgment. ORCP 47 C; *Davis v. County of Clackamas*, 205 Or App 387, 389, 134 P3d 1090, *rev den*, 341 Or 244 (2006). During the time period relevant to this case, Brehm was a journeyman laborer employed by Copeland Paving. Copeland Paving and defendant are closely held corporations owned by the same principals. The two companies are separate corporate entities and each company has its own work crews. However, Copeland Paving employees are sometimes assigned to work on defendant's projects and vice versa.

At the time he was hired by Copeland Paving, as a condition of employment, Brehm was required to and did join the laborer's union known as Local 1400. The union has a collective bargaining agreement with Copeland Paving that, among other things, sets forth a number of required employment conditions for union members.[2] It includes provisions covering workers' pay, work week, shifts, pay day, and holidays. It also contains requirements for workers' health and safety, provides that no employee shall work under unsafe

---

[1] Throughout this opinion, for purposes of convenience, we refer to Copeland Sand & Gravel as defendant.

[2] The documents entitled "Master Labor Agreement," "Laborers Compliance Agreement," and "BOLI Public Works Agreement," are referred to collectively as the collective bargaining agreement.

conditions, and discusses Copeland Paving's right to discharge a worker depending on various circumstances. Copeland Paving had the ultimate responsibility for complying with the terms of the agreement with respect to Brehm's employment. According to the union representative, those responsibilities were nondelegable. In addition, in order to officially transfer Brehm's employment from Copeland Paving to defendant, several specific steps would have to have been taken. However, such a transfer never occurred, nor would Brehm have consented to it.

Generally, Brehm received his work assignment for each day from a posting on a bulletin board at Copeland Paving's main office. It was his understanding that the various assignments were made by Copeland Paving and that he was required to report to the work site listed on the board. All of Brehm's paychecks came from Copeland Paving, as did his tax forms. Copeland Paving paid workers' compensation premiums relating to Brehm and withheld taxes and union dues from his paychecks.

Defendant entered into a contract with the City of Grants Pass, Oregon, to install a water line and fire hydrants on Dowell Road (the Dowell Road project). The Dowell Road project is a public works project. Some Copeland Paving employees, including Brehm, were sent to work on the Dowell Road project; the foreman on that job was employed by defendant. During the time that Brehm worked on the Dowell Road project, although he received his paychecks from Copeland Paving as usual, Copeland Paving billed defendant for Brehm's wages and benefits and was reimbursed. Brehm was unaware that defendant would or did reimburse Copeland Paving for those amounts, and believed that the Dowell Road project was a Copeland Paving project. While working on the Dowell Road project, Brehm was seriously injured when a piece of machinery fell on him.

As a result of his injury, Brehm obtained workers' compensation benefits from Copeland Paving's insurer. Plaintiffs also filed this action for damages against defendant and a number of other parties. Defendant moved for summary judgment, asserting that Brehm was its "subject worker" and, therefore, his exclusive remedy was under the

Workers' Compensation Act. The trial court agreed and entered a limited judgment dismissing all of plaintiffs' claims against defendant.

On appeal, we review the trial court's order of summary judgment to determine whether we agree that "there is no genuine issue as to any material fact and that the moving party is entitled to prevail as a matter of law." ORCP 47 C; *accord O'Dee v. Tri-County Metropolitan Trans. Dist.*, 212 Or App 456, 460, 157 P3d 1272 (2007). There is no genuine issue of material fact if, "based upon the record before the court viewed in a manner most favorable to the adverse party, no objectively reasonable juror could return a verdict for the adverse party on the matter that is the subject of the motion for summary judgment." ORCP 47 C.

As noted, the issue is whether plaintiffs' claims against defendant are barred by ORS 656.018(1)(a), pursuant to which

> "[t]he liability of every employer who satisfies the duty required by ORS 656.017(1) is exclusive and in place of all other liability arising out of injuries, diseases, symptom complexes or similar conditions arising out of and in the course of employment that are sustained by subject workers * * *."

"The employment relationship is the bedrock of the workers' compensation law[.]" *Schmidt v. Intel Corp.*, 199 Or App 618, 622, 112 P3d 428 (2005). An employer is defined as "any person * * * who contracts to pay a remuneration for and secures the right to direct and control the services of any person." ORS 656.005(13)(a).[3] As used in the statute, a worker is "any person * * * who engages to furnish services for a remuneration, subject to the direction and control of an employer * * *." ORS 656.005(30).[4] The " 'right to direct and control' * * * is the test for employer status when the immunity based on

_____

[3] Pursuant to ORS 656.005(13)(b), "[n]otwithstanding paragraph (a) of this subsection, for purposes of this chapter, the client of a temporary service provider is not the employer of temporary workers provided by the temporary service provider." There is no contention that this case involves a temporary service provider.

[4] ORS 656.005(30) defines the term "worker" as used in the workers' compensation laws. A "subject worker" is defined, in turn, as "a worker who is subject to this chapter as provided by ORS 656.027." ORS 656.005(28).

that status is in issue." *Martelli v. R.A. Chambers and Associates*, 310 Or 529, 534, 800 P2d 766 (1990). Similarly, the determination of whether one is the "subject worker" of another under the statute "depends on determining who retains the right to control." *Schmidt*, 199 Or App at 622.

■■ There are several factors relevant to establishing an employment relationship under the "right to control test." Those include, for example,

> "whether the employer retains the right to control the details of the method of performance, the extent of the employer's control over work schedules, whether the employer has power to discharge the person without liability for breach of contract, and payment of wages."

*Rubalcaba v. Nagaki Farms, Inc.*, 333 Or 614, 618 n 1, 43 P3d 1106 (2002); *see also Schmidt*, 199 Or App at 622 (setting forth those factors). Furthermore, in cases where those factors do not all direct us to the same result, "it is essential that we consider the factors which make up the 'nature of work' test in deciding whether the control * * * makes the relationship one of master and servant." *Schmidt*, 199 Or App at 622 (internal quotation marks omitted); *see also Kaiel v. Cultural Homestay Institute*, 129 Or App 471, 474, 879 P2d 1319, *rev den*, 320 Or 453 (1994) ("nature of work" test applies where employment relationship cannot be determined under the "right to control" test). Those factors include

> "whether the work at issue is a regular part of the employer's business, whether the work is continuous or intermittent, and whether the duration of the work is such that it qualifies as hiring for a continuing service or as contracting for the completion of a particular job."

*Schmidt*, 199 Or at 623. In this case, having examined the facts in the light most favorable to plaintiffs, we conclude that, with respect to at least some of the foregoing factors, there are genuine issues of material fact that preclude summary judgment.

■ With respect to defendant's right to terminate Brehm's employment, a factor relating to the "right to control" test, the parties submitted competing evidence on summary judgment. Defendant submitted evidence that its

employee, who was the foreman on the Dowell Road project, could have terminated Brehm from work on the project and from employment with defendant or Copeland Paving. In contrast, plaintiffs' evidence was that, under the circumstances at the time of the accident, in light of the collective bargaining agreement with Copeland Paving, defendant "did not have an unqualified right to terminate * * * Brehm's employment." In our view, the parties' submissions create a genuine issue of material fact regarding the nature and scope of defendant's right to discharge Brehm.

■ Furthermore, in our view, there are issues of material fact relating to the "nature of work" test. The extent to which the work at issue in this case (laying water lines) is a regular part of defendant's business is in dispute. On one hand, there is evidence that only a very small percentage of defendant's payroll related to water main installation (contrasted with its payroll relating to the sand and gravel business). On the other, there is evidence that defendant now performs a significant amount of highway construction, rather than focusing only on the sand and gravel business; it is not clear how much of that construction work involves installing water lines. Taken together, the evidence raises a genuine issue of material fact regarding the extent to which the laying of water lines is a regular or integral part of defendant's business.

■ Additionally, the extent to which Brehm's work for defendant was continuous rather than intermittent in nature is in issue. There is evidence that employees of Copeland Paving were borrowed temporarily by defendant to complete the Dowell Road project and that such an interchange of employees between the companies occurred depending on the needs of a particular project. Furthermore, it is not clear which company assigned Copeland Paving's employees to work on a job held by defendant, how frequently that would occur, or the extent to which it could be expected to occur in the future.

In light of those issues of material fact, we conclude that the trial court erred in granting defendant's motion for summary judgment.

Reversed and remanded.