No. 1043          December 3, 2025          433

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Jesus ORTIZ-LOPEZ,
*Plaintiff-Appellant,*

*v.*

Martinez Virgilio ORTIZ
et al.,
*Defendants,*

*and*

James Henry MULLEN,
*Defendant-Respondent.*

Marion County Circuit Court
24CV02587; A185461

J. Channing Bennett, Judge.

Submitted October 28, 2025.

Samuel Pope and Goldberg & Loren, P. A. filed the brief for appellant.

Billy M. Sime and Park Bauer LLP filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

Plaintiff appeals from a limited judgment of dismissal entered after the trial court granted summary judgment in favor of defendant. On appeal, in a single assignment of error, plaintiff asserts that the trial court erred in granting summary judgment "because the record before the court, viewed in a manner most favorable to Plaintiff and permitting all reasonable inferences, indicates a reasonable juror can return a verdict for Plaintiff." Defendant responds, among other points, that "Plaintiff failed to meet his burden of producing evidence to create a genuine issue of material fact whether defendant was negligent in one or more of the ways alleged." We conclude the trial court did not err and affirm.

## STANDARD OF REVIEW

"We review a trial court's grant of summary judgment for errors of law and will affirm if there are no genuine disputes about any material fact and the moving party is entitled to judgment as a matter of law." *Beneficial Oregon, Inc. v. Bivins*, 313 Or App 275, 277, 496 P3d 1104 (2021) (internal quotation marks omitted). "'[W]e view the facts in the light most favorable to the nonmoving parties *** and examine whether no objectively reasonable juror could find in their favor on the question at issue." *Id.* In making that determination, "we examine 'the pleadings, depositions, affidavits, declarations, and admissions on file.'" *Id.*

## BACKGROUND

This case arises from a series of traffic collisions.

Plaintiff was a passenger in a vehicle that had spun out and hit a guard rail. While plaintiff was still in the vehicle, two other vehicles hit plaintiff's vehicle. Plaintiff then exited his vehicle to check on the occupants of the other two vehicles.

Defendant was driving from St. Paul to Mt. Angel on the day of the traffic collisions at approximately 40 miles per hour. As defendant approached the location where plaintiff's car had hit the guardrail, he saw three men standing against the guardrail at the bottom of an overpass and

started to decelerate by taking his foot off the accelerator. As defendant drove onto the overpass, he saw plaintiff's vehicle stopped in his lane and defendant applied his brakes. Up to this point, defendant had not lost traction or seen any other vehicles lose traction. While he was trying to stop, defendant felt his truck slide on black ice and was not able to stop his vehicle in time to avoid a collision.

Plaintiff filed the instant suit, asserting a single cause of action for negligence against defendant.[1] Defendant moved for summary judgment, arguing that he did not breach his duty of care. At a hearing on the motion, defendant argued that plaintiff did not produce any evidence in response to defendant's declaration describing the circumstances of the accident that would create a genuine issue of material fact. The trial court asked plaintiff what factual support he had that defendant had acted negligently, to which plaintiff explained that although his response to defendant's motion for summary judgment did not specifically so state, defendant's declaration shows he did not act to try to avoid the accident. The trial court found that there was no factual support from which to draw an inference that defendant was driving in a negligent manner. The trial court stated, "I have nothing that indicates that [defendant] wasn't driving normally and appropriate for the circumstances. The fact that there's an accident alone doesn't create negligence or a question of negligence." Based on that, the trial court granted defendant's motion for summary judgment.

Plaintiff appeals the resulting limited judgment.

## ANALYSIS

Plaintiff argues that the trial court erred because summary judgment "should not be granted if a reasonable juror could find for the adverse party [*i.e.*, plaintiff] based upon any disputed or undisputed fact, or by drawing any inferences from any disputed or undisputed fact." Plaintiff claims that there were several possible inferences a juror could draw that defendant's conduct was negligent, including "the black ice was of no consequence in causing the

---

[1] Plaintiff also named the drivers of the other vehicles as defendants in the suit, but they are not parties to this appeal.

collision," "[d]efendant was unable to stop in time due to driving too quickly for the icy conditions," defendant failed to "apply the brakes" early enough, or that "[d]efendant was not keeping a proper lookout and was distracted with the persons on the side of the road."[2]

Defendant argues that there is no factual basis to support the inferences which plaintiff claims a juror could draw and that "one would have to disbelieve the statements in Defendant's Declaration [concerning the circumstances of the accident] or engage in speculation to find that Defendant failed to keep a proper lookout." Defendant also argues that "Defendant's Declaration must be taken as established and true unless controverted by other evidence in the record."

We agree with defendant that the trial court did not err in granting defendant summary judgment. In short, plaintiff did not provide evidence to support the inferences he claims the jury could draw.

On summary judgment, "[t]he nonmoving party—in this case, plaintiff—has the burden of producing evidence on any issue raised in the motion as to which it would have the burden of persuasion at trial," *Hagler v. Coastal Farm Holdings, Inc.*, 354 Or 132, 140, 309 P3d 1073 (2013), such as a "defendant's alleged negligence," *O'Dee v. Tri-County Metropolitan Trans. Dist.*, 212 Or App 456, 461, 157 P3d 1272 (2007). "Because plaintiffs would have had the burden of proof at trial, to withstand defendant's motion for summary judgment, plaintiffs had the burden of producing admissible evidence establishing facts that by themselves or by their reasonable inferences could cause a reasonable juror to find each element of plaintiffs' claim." *Chapman v. Mayfield*, 263 Or App 528, 530, 329 P3d 12 (2014), *aff'd*, 358 Or 196, 361 P3d 566 (2015) (internal quotation marks omitted).

Of course, "[t]his court's duty to view the facts in the light most favorable to plaintiff and to draw inferences

---

[2] Plaintiff contends that although "it is unclear if Defendant's motion for summary judgment was granted, in part, based upon causation of injury" that "[p]laintiff's declaration puts at issue material facts regarding causation of injury and damages." Defendant acknowledges that plaintiff's declaration "created a question whether [defendant]'s vehicle hit Plaintiff or whether [defendant]'s vehicle caused the Infiniti to strike Plaintiff." Because of our determination regarding negligence, we do not address the question of causation.

from facts favorable to plaintiff does not mean that we must accept any inference that plaintiff believes his evidence might support, no matter how unreasonable or unlikely. We must only accept any inference that his evidence does support." *Welch v. Washington County*, 314 Or 707, 714, 842 P2d 793 (1992) (footnote omitted). In considering whether evidence supports an inference, we bear in mind that "there is a difference between inferences that may be drawn from circumstantial evidence and mere speculation." *State v. Bivins*, 191 Or App 460, 467, 83 P3d 379 (2004). "Reasonable inferences are permissible; speculation and guesswork are not." *Id.* (internal citations and quotation marks omitted).

In this case, plaintiff's proposed inferences fall on the speculative side of the line. Here, plaintiff did not provide evidence that would permit a reasonable inference that defendant was negligently operating his vehicle. The uncontroverted evidence at summary judgment is that defendant was driving 40 miles per hour in a 50 miles per hour zone and started to decelerate from that speed as he approached the overpass. Defendant started to slow down when he noticed the people next to the guardrail before the overpass and applied his brakes when he saw plaintiff's vehicle stopped in his lane. While he was trying to stop, defendant felt his truck slide on black ice.

In the absence of any other evidence, a juror has no basis to determine—other than speculation—that defendant's conduct in operating his vehicle was negligent. *See Brant v. Tri-Met*, 230 Or App 97, 104, 213 P3d 869 (2009) ("[I]n the absence of any evidence regarding the circumstances in which the [accident occurred], a juror has no basis—other than sheer speculation—to conclude that the driver's conduct was anything less than an exercise of the highest degree of care and skill practicable."). That is, without factual support, plaintiff's assertions as to how defendant was negligent are merely speculative, and the trial court did not err in granting defendant's motion.

Affirmed.